Bettye B. PICKETT and Thea S. Spatz, Appellants,

v.

Newt MILAM, Joe Harrison and Tom Lindsey, Appellees.

No. 77–1216.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 13, 1977.

Decided Aug. 4, 1978.

---

John R. Tisdale, Wright, Lindsey & Jennings, Little Rock, Ark., for appellants; Robert D. Cabe, Little Rock, Ark., on brief.

Phil Stratton, Conway, Ark., for appellees; Guy Jones, Jr., and Casey R. R. Jones, Conway, Ark., on brief.

Before STEPHENSON and WEBSTER,* Circuit Judges, and MARKEY,** Chief Judge.

---

* Prior to leaving this court, Judge Webster heard oral argument in this case but did not participate in this opinion.

** The Honorable Howard T. Markey, Chief Judge, United States Court of Customs and Patent Appeals, sitting by designation.

STEPHENSON, Circuit Judge.

The sole issue on this appeal is whether the appellants, as the prevailing plaintiffs on the merits in the district court,[1] are entitled to a reasonable attorney fee under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988. We conclude that the appellants are entitled to an award of reasonable attorney fees and, accordingly, reverse the district court.

The appellants initiated this action below under the fourteenth amendment and 42 U.S.C. § 1983 against the appellees, who together constituted the election commission of Faulkner County, Arkansas. The appellants sought a declaratory judgment that the single-member district apportionment plan for the election of justices of the peace for Faulkner County as adopted by the appellees was unconstitutional and void. Additionally, the appellants sought an injunction to prohibit the appellees from implementing, enforcing or conducting elections pursuant to the plan, and an order directing them to submit another apportionment plan which would meet constitutional standards.

Upon a trial of this matter on March 3, 1976, the district court found that the appellees' plan violated the equal protection clause of the fourteenth amendment since the population deviation among districts was in excess of the standards permitted pursuant to the one person-one vote principle. The appellees were enjoined from taking any steps to enforce or implement the original plan. They were ordered to submit to the court, for its approval, an apportionment plan containing population deviations within the standards established by the federal courts.

After the original plan was invalidated, the appellees proposed a second apportionment plan which had only slightly less population deviation than the original plan.

---

1. The Honorable G. Thomas Eisele, Chief Judge, United States District Court for the Eastern District of Arkansas.

The appellants again objected to this plan as being unconstitutional. At this point the district court convened an informal conference of the attorneys, during which the court answered some troublesome questions concerning who was to be included as "inhabitants" in determining population distribution. Eventually a third apportionment plan, using a method of determining population distribution originally suggested by the appellants, was proposed by the appellees, and the appellants consented to the approval of this plan by the court.

On April 15, 1976, counsel for the appellants filed a motion in district court requesting an award of attorney fees in the amount of $7,756 and costs in the amount of $207.89. When the appellees objected to the award of attorney fees, the district court conducted a hearing on June 21, 1976. On January 24, 1977, the district court ordered the appellees to pay appellants' costs but denied the motion for attorney fees.

On October 19, 1976, Congress passed the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988. Section 1988 provides in pertinent part: "In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, * * * the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." Section 1988 applies to all cases pending at the time of its enactment. *Hutto v. Finney*, —— U.S. ——, —— n. 25, 98 S.Ct. 2565, 2576 n. 25, 57 L.Ed.2d 522 (1978); *Williams v. Anderson*, 562 F.2d 1081, 1102 (8th Cir. 1977); *Gay Lib*

*v. University of Missouri*, 558 F.2d 848, 857 (8th Cir. 1977).

The district court correctly determined that as prevailing plaintiffs the appellants were entitled to an award of attorney fees "unless special circumstances would render such an award unjust." *See Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1976); *Wharton v. Knefel*, 562 F.2d 550, 557 (8th Cir. 1977); *Planned Parenthood v. Citizens for Community Action*, 558 F.2d 861, 870 (8th Cir. 1977). Nevertheless, the court refused appellants' request for attorney fees on the ground that special circumstances exist in this case which would make the award of attorney fees unjust. However, the court, realizing it was a close question, then stated that if the law required an award of fees, $5,750 was a reasonable amount.

■ It is clear from the factors relied on by the district court that the court was unaware that attorney fees could be awarded against the appellees in their official capacities. The court was particularly impressed by the fact that the appellees had not acted in bad faith, and consequently the court believed it was be unjust to impose personal liability upon them.[2] We agree with the district court's finding that there is no indication that the appellees acted in bad faith. Thus, no award of attorney fees against the appellees in their individual capacities is justified. *See Hutto v. Finney*, *supra*, 98 S.Ct. at 2579. However, the specter of personal liability was removed by the Supreme Court's recent opinion in *Hutto v. Finney*, *supra*.[3] In *Hutto v. Finney*, *supra*,

2. The district court was aware that the appellees received only nominal compensation for their work as election commissioners and that two out of the three commissioners relied on social security benefits as a primary source of income. At a hearing on the issue of attorney fees, the court stated its reasons as follows:

If you start with the proposition that if you win you have, in effect, vindicated part of the purpose of both the statute and the constitution, it's hard to say that that type of action is not of great merit and should not be encouraged. So, I guess really though you have to look at the other side to decide whether to award it would be unjust. You

take the factors of this case I have been discussing of the structure—the composition of our County Board of Election Commissioners, their lack of compensation, the thrusting upon them by the State of Arkansas here in 1975 of an additional duty and obligation that they had no familiarity with or experience with, providing no funds, giving them no staff and then they don't do it right, but they don't act in bad faith and then impose upon them this personal liability. That does have a ring of unjustness to it to me somewhere in there.

3. The instant case was submitted to this court on September 13, 1977. When certiorari was

the Supreme Court affirmed this court's decision in *Finney v. Hutto,* 548 F.2d 740 (8th Cir. 1977). The Supreme Court held that attorney fees may be awarded against state officials in their official capacities under section 1988 without a finding of bad faith. *Hutto v. Finney, supra,* 98 S.Ct. at 2575–79. Under section 1988 attorney fees are not awarded to punish for bad faith. No statute is necessary to support an award of attorney fees based on a finding of bad faith. *See id.* 98 S.Ct. at 2572–2575; *Alyeska Pipeline Service Co. v. Wilderness Soc'y,* 421 U.S. 240, 258–59, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). The purpose of section 1988 is to encourage enforcement of the Civil Rights Acts by compensating those persons who bring meritorious actions. Such persons are thought to be advancing the public interest. 1976 Code Cong. & Admin.News, pp. 5909–10.

 In light of *Hutto v. Finney, supra,* we have reexamined the record and fail to find any special circumstances which would render an award of attorney fees against the appellees in their official capacities unjust. Accordingly, for the district court phase of this case we direct that appellants be awarded $5,750 for attorney fees, the amount found reasonable by the district court and not challenged on appeal.[4] *See Wharton v. Knefel, supra,* 562 F.2d at 558; *Gay Lib v. University of Missouri, supra,* 558 F.2d at 857. *Compare Drake v. Southwestern Bell Tel. Co.,* 553 F.2d 1185, 1188 n. 4 (8th Cir. 1977). Similarly, appellants are entitled to a reasonable fee on appeal. *See Simpson v. Weeks,* 570 F.2d 240, 244 (8th Cir. 1978); *Williams v. Anderson, supra; Wharton v. Knefel, supra.* For their services on this appeal, appellants' counsel are awarded $400.

Reversed and remanded for action consistent herewith.

granted in *Finney v. Hutto* on October 17, 1977, 434 U.S. 901, 98 S.Ct. 295, 54 L.Ed.2d 187, this court decided to withhold disposition of this case until the Supreme Court issued its opinion in *Hutto v. Finney.*

4. In oral argument counsel indicated there is some question under Arkansas law whether the award of attorney fees should be paid by the county or the state. That issue is not before us on this appeal. In any event the award should be entered against appellees in their official capacities only.