**David D. MARTIN, Plaintiff,**

v.

**Gerald WRAY, Individually and as Chairman of the Town Board of the Town of Brookfield, Lynn Swenson, Individually and as Town Board Supervisor of the Town of Brookfield, George Hunt, Individually and as Town Board Supervisor of the Town of Brookfield, Frank Stewart, Individually and as Building Inspector for the Town of Brookfield; their Agents, Assistants, Successors, Employees, Attorneys, and all persons acting in concert or cooperation with them or at their direction or under their control, Defendants.**

No. 78–C–471.

United States District Court,
E. D. Wisconsin.

July 10, 1979.

Thomas W. LaFave, Horth, Malm & La-Fave, Milwaukee, Wis., for plaintiff.

Clayton A. Cramer, Cramer, Multhauf & Curran, Waukesha, Wis., for defendants.

### MEMORANDUM AND ORDER

WARREN, District Judge.

Plaintiff filed this action seeking a declaration that Town of Brookfield zoning ordinances which prohibit the display of campaign signs by homeowners in residential areas are unconstitutional. Plaintiff also seeks an injunction against their enforcement. The action is brought pursuant to 42 U.S.C. § 1983 and jurisdiction is grounded on 28 U.S.C. § 1343.

On February 16, 1979, plaintiff filed a motion for summary judgment. On March 2, 1979, defendant George Hunt filed a motion for summary judgment and defendant Frank Stewart moved for judgment on the pleadings. These motions are the subject of this memorandum and order.

A brief review of the facts shows that on about July 1, 1978, plaintiff David D. Martin, a registered voter and Town of Brookfield homeowner, erected a campaign sign measuring approximately 18″ by 12″ in his

yard. The sign supported the candidacy of Robert Schmitt for the state assembly in the September 12, 1978 primary election.

On July 5, 1978, the town building inspector, defendant Frank Stewart, told plaintiff to remove his campaign sign because it violated town ordinances, but the plaintiff refused.

Plaintiff alleges that on July 18, 1978, the Town of Brookfield town board directed the town attorney and building inspector to initiate prosecution of the plaintiff for his violation of the town ordinances prohibiting campaign election signs. The ordinances provide for a fine of from $10 to $200 for each day there is a violation and six months imprisonment upon default of payment.

Subsequently, plaintiff Martin filed suit on July 27, 1978, seeking a declaration that the town's ban of campaign signs violated his first amendment right to freedom of speech and an injunction forbidding the defendants from prosecuting him for his alleged violation of the town's sign ordinances. On August 1, 1978, this Court granted plaintiff's motion for a temporary restraining order. On August 4, 1978, upon the stipulation of the parties, the Court enjoined prosecution of the plaintiff pending the Court's final judgment.

Robert Schmitt, the candidate for the state assembly, was defeated in the primary on September 12, 1978.

On February 28, 1979, the town board held a meeting at which time the board adopted a resolution amending and repealing the ordinances in question so as to permit homeowners to erect campaign signs on their property.

Plaintiff alleges that no notice of the town board's meeting was published in local newspapers at least fifteen days before the meeting and that no affidavits are on file showing that the resolution was approved by the Waukesha County Board as required by local ordinance.

Defendant argues that the town board complied with the requirement of Wisconsin's "opening meeting" law, § 19.83 Wis. Stats., prior to holding the February 28, 1979, town board meeting and that the notice provisions of this statute are applicable to the February meeting.

In support of his motion for summary judgment, defendant Hunt alleges that he was not present at the July 18, 1978 meeting and, therefore, did not participate in the adoption of the resolution calling for the prosecution of plaintiff for violation of the town's sign ordinances. He argues that he, therefore, cannot be held liable under § 1983.

Defendant Hunt is sued individually and in his official capacity and plaintiff states defendant Hunt is a proper party in an action challenging town ordinances.

█ At the outset, the Court notes that in *Monell v. New York City Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Supreme Court reversed its earlier decision in *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed. 492 (1961), and held that a municipality is a "person" within the meaning of 42 U.S.C. § 1983. The Court stated:

> Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory or injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. *Id.* 436 U.S. at 690, 98 S.Ct. at 2036.

Thus, the Town of Brookfield could be sued directly under § 1983.

█ The doctrine of respondeat superior does not apply in a suit for monetary damages under § 1983. Personal involvement of the defendant is required. *Johnson v. Glick,* 481 F.2d 1028 (2nd Cir. 1973); *Adams v. Pate,* 445 F.2d 105 (7th Cir. 1971). However, this holding is not applicable in an action for equitable relief. *Adams v. Pate, supra* at 107, n. 2.

In this case, defendant Hunt, as a town board member, has authority to direct enforcement of town ordinances. He is intimately involved in the local governing process. Although the Court is aware that the

doctrine of respondeat superior is not applicable in a § 1983 action for monetary relief, plaintiff in this case seeks declaratory and injunctive relief, not money damages.

■ In light of these circumstances, the Court finds that defendant Hunt is a proper party. Therefore, defendant Hunt's motion for summary judgment must be denied.

Defendant Stewart's motion for judgment on the pleadings must likewise be denied. The defendant bases his motion on the record before the Court including plaintiff's testimony in court on August 1, 1978.

■ When matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as a motion for summary judgment. Rule 12(c) of the Federal Rules of Civil Procedure.

In his testimony, plaintiff stated that defendant Stewart told him on July 5, 1978, that plaintiff was violating town ordinances and that the campaign sign should be removed. (Testimony of David Martin, 8/1/78 p. 6.)

The complaint also alleges that the town board directed defendant Stewart, as building inspector for the Town of Brookfield, to issue a citation to enforce the sign ordinances.

■ Based on the foregoing, the Court finds that defendant Stewart's motion must be and is hereby denied.

The Court will now address the pending summary judgment motions. Defendants allege that the issue raised in plaintiff's complaint is moot because Robert Schmitt was defeated in the primary election and because the sign ordinances have allegedly been repealed.

The defendants rely on the case of *Golden v. Zwickler,* 394 U.S. 103, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969) to support their contention that the election defeat of Robert Schmitt has made the issue moot.

The Court in *Zwickler* recognized that constitutional issues cannot be adjudicated except in actual cases presenting concrete legal issues. In *Zwickler,* the defendant's conviction for violation of a New York statute prohibiting the distribution of anonymous literature in connection with an election campaign had been reversed on state law grounds by the New York Supreme Court. Defendant then brought an action for declaratory relief in federal district court.

Zwickler had been distributing anonymous handbills in connection with the 1964 congressional election. In his complaint in federal court, Zwickler alleged that this congressman would be a candidate for re-election in 1966 and that Zwickler would oppose this reelection. Prior to argument in the district court, the congressman had left the House of Representatives for a place on the New York Supreme Court.

Because the court found that it was "most unlikely" that the congressman would again be a candidate for Congress, the case lacked "sufficient immediacy and reality." The court found that, under the circumstances, "it was wholly conjectural that another occasion might arise when Zwickler might be prosecuted for distributing the handbills referred to in the complaint." *Id.* at 109, 89 S.Ct. at 960. Thus, the court held the action was moot.

■ The facts in *Zwickler* are clearly distinguishable from the facts in this case. Plaintiff here would suffer a continuing liability if the ordinances were still in effect. Therefore, the Court concludes that the election defeat of Robert Schmitt does not moot the action.

The Court must now determine whether the ordinances in question were effectively repealed by the town board resolution of February 28, 1979.

Plaintiff argues that the repeal of the sign ordinances were ineffective because the defendants failed to comply with the notice of hearing procedure specified in the town's ordinances and because the February 28, 1979 resolution was not approved by the Waukesha County Board.

Defendants state that the plaintiff cannot challenge the validity of Ordinance No. 1–79, adopted at the February 28, 1979 town board meeting, in this action. Fur-

thermore, the defendants allege that the sign ordinances are not zoning ordinances and, therefore, did not have to comply with the notice and public hearing requirements of a zoning ordinance. Finally, the defendant states that the notice provisions of § 19.84 Wis.Stats. were applicable for the February meeting and that these notice provisions were complied with prior to the meeting of the town board.

 Under Wisconsin law, a municipal ordinance is entitled to every presumption in favor of its validity. *Milwaukee v. Hoffman*, 29 Wis.2d 193, 138 N.W.2d 223 (1965). Furthermore, the Court need not pass upon the validity or constitutionality of an ordinance where the determination of this issue is not necessary to a proper disposition of the case. *Commerce Oil Refining Corp. v. Miner*, 281 F.2d 465 (1st Cir. 1960), *cert. denied* 364 U.S. 910, 81 S.Ct. 274, 5 L.Ed.2d 225 (1960).

In this case, a decision on whether the action is moot will depend upon the validity of Ordinance No. 1–79. Therefore, the determination of the validity of this ordinance is necessary to a proper disposition of the case.

 Although the defendants contend that the campaign sign ordinances are not zoning ordinances, the Court finds to the contrary. It is undisputed that the campaign sign ordinances were enacted as part of the Town of Brookfield Zoning Ordinance, (Exhibit A attached to affidavit of Thomas LaFave). Furthermore, in their affidavits, defendants Lynn Swenson and Gerald Wray refer to the campaign sign ordinances as a "Town Zoning Ordinance." (Swenson affidavit ¶¶ 4, 5); (Wray affidavit ¶¶ 4, 5).

Section 20 of the Town of Brookfield Zoning Ordinance sets forth the procedures to follow in changing or amending local zoning ordinances. Section 20.01 provides that the town board may "amend, supplement or change" the zoning regulations "after first submitting the proposal to the Plan Commission for report, and after notice and public hearing as hereinafter provided . . . ."

Section 20.02(6) provides:

(6) EFFECTIVE UPON COUNTY APPROVAL:

(A) Three signed copies of any change or amendment adopted by the Town Board shall be sent to the County Clerk for approval of the County Board.

(B) Any such change or amendment shall become effective in the Town upon the approval of the County Board.

Section 21 sets forth the policy reasons for public hearings and the notice procedure for these hearings. This section provides in relevant part:

21.01 PURPOSE

In order that the owners of property involved and other legitimately interested parties may have fair opportunity to be heard, adequate notice shall be given of any public hearing required by the provision of this Ordinance.

21.02 PROCEDURE

(1) POSTING AND PUBLISHING

(A) Except as may be otherwise herein specifically provided, such notices shall be given not less than 15 days prior to date of such hearing, by posting such notice in at least 3 public places in said town and publishing at least 3 times during the preceding 30 days in the newspaper of general circulation within said town.

Louise Lincoln, managing editor of the *Brookfield News*, a newspaper of general circulation in the Town of Brookfield and the official newspaper for legal notices for the Town of Brookfield, states in her affidavit that, from January 14, 1979 through February 13, 1979, there was no notice of a Brookfield Town Board hearing for February 28, 1979 in that newspaper. (Lincoln affid. § 2, 3). A similar affidavit was submitted by James L. Huston, managing editor of the *Waukesha Freeman*, a daily newspaper of general circulation distributed in the Town of Brookfield (Huston Affidavit ¶¶ 2, 3).

Defendants' contention that notice of the town board meeting was provided to the *Waukesha Freeman, Brookfield News, Milwaukee Sentinel,* and *The Milwaukee Journal* more than 24 hours prior to the February 28, 1979 meeting as required by § 19.-84(3) of the Wisconsin Statutes is of no consequence. Section 21.02 of the town's zoning ordinance requires the notice of hearing to be published, not merely submitted to a newspaper.

■ The expressed purpose of the state's "open meeting" law and the policy reasons for the public hearing and notice requirements for zoning changes are very different. The purpose of the "open meetings" law is to give the public "the fullest and most complete information regarding the affairs of government as is compatible with the conduct of governmental business." § 19.81(1) Wis.Stats. The purpose of the notice of hearing requirement in the zoning ordinance is to give owners of property involved and other interested parties a fair opportunity to be heard.

■ Under the open meetings law, when a governmental body transmits a meeting notice to the newspaper, the newspaper is not obligated to publish the notice. 66 Op.Att'y Gen. 231 (1977). Further, the governmental body is not obligated to pay for publication of such notice as in the case of an official legal notice. *Id.*

■ The Court finds that compliance with the minimal notice requirements of § 19.84, Wis.Stats. does not satisfy the notice requirements of § 21.02 of the Town of Brookfield Zoning Ordinance. In addition, there is no showing that the February 28, 1979 resolution was approved by the Waukesha County Board as required by § 20.02(6) of the Town of Brookfield Zoning Ordinance.

■ In light of the foregoing, the Court finds that failure to satisfy the notice and approval requirements of the zoning ordinance renders the resolution of February 28, 1979 to repeal the campaign sign ordinances ineffective. Thus, the ordinances remain in effect and the issue is not moot.

The Court must now consider plaintiff's motion for summary judgment.

In evaluating governmental restrictions on free speech, the Supreme Court has recognized that incidental restrictions upon the exercise of first amendment rights may be imposed in furtherance of a legitimate governmental interest if that interest is unrelated to suppression of expression and is substantial when compared to the restrictions imposed. Furthermore, the restrictions must be no greater than necessary for the protection of the government interests. *Young v. American Mini Theatres, Inc.,* 427 U.S. 50, 96 S.Ct. 2440, 49 L.Ed.2d 310 (1976) (Powell, J. Concurring); *Procunier v. Martinez,* 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974); *United States v. O'Brien,* 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968).

In this case, significant first amendment interests are involved. In *Baldwin v. Redwood City,* 540 F.2d 1360, 1366 (9th Cir. 1976), a case challenging city ordinances that governed and restricted posting of political campaign signs, the circuit court stated that "[c]ommunication by signs and posters is virtually pure speech."

Although in *Baldwin* the local government argued that the challenged regulations were necessary for public safety, order, cleanliness, aesthetics and administrative convenience, the Court found these interests were overridden by the important first amendment rights that were being infringed by the ordinance.

In this case, similar first amendment rights are at stake. Although the Town of Brookfield interests in enacting its sign ordinances may have also been public safety, cleanliness and order, such interests, though valid, must be considered in relation to the rights infringed.

■ As the court stated in *Schneider v. State,* 308 U.S. 147, 161, 60 S.Ct. 146, 151, 84 L.Ed. 155 (1939):

> [T]he courts should be astute to examine the effect of the challenged legislation. Mere legislative preferences or beliefs respecting matters of public convenience

may well support regulation directed at other personal activities, but be insufficient to justify such as diminishes the exercise of rights so vital to the maintenance of democratic institutions.

██ The Court must also consider whether the sign ordinances are more inclusive or burdensome than necessary to further legitimate governmental purposes. Even when a state or a municipality is pursuing a legitimate interest, it may not choose means that unnecessarily restrict constitutionally protected activity. *Kusper v. Pontikes*, 414 U.S. 51, 94 S.Ct. 303, 38 L.Ed.2d 260 (1973). *Dunn v. Blumstein*, 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274 (1972).

If the State has open to it a less drastic way of satisfying its legitimate interests, it may not choose a legislative scheme that broadly stifles the exercise of fundamental personal liberties. *Kusper v. Pontikes, supra*, 414 U.S. at 59, 94 S.Ct. at 308.

██ After careful consideration of the relevant factors, this Court finds that the Town of Brookfield's sign ordinances are unconstitutional.

Defendants argue that they enjoy a qualified good faith immunity from liability in actions brought under § 1983.

Courts have recognized that school board members and local municipal officials enjoy a qualified good faith immunity from damages for actions performed in their official capacities. *Wood v. Strickland*, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975); *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *M. J. Brock & Sons, Inc. v. City of Davis*, 401 F.Supp. 354 (N.D.Cal.1975).

██ While the common law provides a good faith immunity against liability for damages to public officials who neither acted subjectively with a malicious intent to deprive a person of his constitutional rights nor acted with a deliberate disregard of established constitutional rights, there is no such immunity against declaratory and injunctive relief. *Wood v. Strickland, supra*, 420 U.S. at 314 n. 6, 95 S.Ct. 992. *Stanford*

*Daily v. Zurcher*, 550 F.2d 464 (9th Cir. 1977); rev'd on other grounds 436 U.S. 547, 98 S.Ct. 1970, 56 L.Ed.2d 525 (1978). *Craig v. Carson*, 449 F.Supp. 385 (M.D.Fla.1978).

Plaintiff is not seeking monetary damages in this action but only declaratory and injunctive relief. Therefore, the good faith immunity doctrine is not applicable.

In light of the foregoing, plaintiff's motion for summary judgment must be and is hereby granted. Accordingly, the Court hereby issues a declaratory judgment and permanent injunction against enforcement of sections 3.15, 9.01, 8.01, 7.01 and 6.01(1)(4) of the Town of Brookfield Zoning Ordinances.

Plaintiff has moved the Court for attorney's fees pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, as amended. This act provides in relevant part:

In any action or proceeding to enforce provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or in any civil action or proceeding, by or on behalf of the United States of America, to enforce, or charging a violation of, a provision of the United States Internal Revenue Code, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

██ Section 1988 was enacted to encourage enforcement of the civil rights acts by compensating those persons who bring meritorious actions. Such persons are considered to be advancing the public interest.

██ As a prevailing party the plaintiff is entitled to an award of attorney's fees under this section unless special circumstances would make such an award unjust. *Pickett v. Milam*, 579 F.2d 1118 (8th Cir. 1978); *Brown v. Culpepper*, 559 F.2d 274 (5th Cir. 1977).

██ Fees awarded are to be adequate enough to attract competent counsel and the amount awarded should be governed by the same standards which prevail in other types of equally complex federal litigation

such as antitrust cases. *Wis. Socialist Workers v. McCann*, 460 F.Supp. 1054 (E.D. Wis.1978).

There is no indication in this case that the defendants acted in bad faith in enacting the campaign sign ordinance, and the Court does not address this question since only equitable and injunctive relief is being sought. Because there is no allegation of bad faith, no award of attorney's fees against the defendants in their individual capacities is justified.

However, in *Hutto v. Finney*, 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978), the Supreme Court held that attorney's fees may be awarded against state officials in their official capacities under § 1988 without a finding of bad faith. *Hutto v. Finney, supra,* at 694–700, 98 S.Ct. 2565; *Pickett v. Milam, supra; Brown v. Culpepper, supra.*

In light of the foregoing, the Court finds that plaintiff is entitled to an award of attorney's fees in this action as the "prevailing party."

Counsel for plaintiff is hereby instructed to submit an affidavit within fifteen (15) days of the date of this order itemizing the number of hours spent in this litigation, the type of services performed during this time and the suggested hourly rate. After an examination of the affidavit, the Court will make a determination of the amount of attorney's fees to be awarded.