Linda CLIFFORD; Melvina Lesmeister and Pam James on behalf of themselves and all others similarly situated, Appellees,

v.

William JANKLOW, Governor of the State of South Dakota, and James Ellenbecker, Secretary of South Dakota Department of Special Services, and the Agents, Employees and Successors of the above, Appellants.

No. 84–1413.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 21, 1984.

Decided Nov. 8, 1984.

Mark V. Meierhenry, Atty. Gen. and Janice Godtland, Asst. Atty. Gen., Pierre, S.D., for appellants.

Mark Falk, Rapid City, S.D., and Stephen C. Hoffman, Silver City, S.D., for appellees.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

South Dakota Governor William Janklow and employees of that state's department of social services appeal from the district court's [1] award of $14,755 in attorney's fees to Black Hills Legal Services, Inc. (Black Hills), as the prevailing party in *Clifford v. Janklow*, 733 F.2d 534 (8th Cir. 1984).[2] We affirm.

Black Hills originally sued the state in a class action alleging due process and equal protection violations in the state's administration of the Low Income Energy Assistance Program (LIEAP), for fiscal 1983.

The district court enjoined the state from categorically excluding residents of subsidized and public housing, *Crawford v. Janklow*, 557 F.Supp. 1146 (D.S.D.1983), and this Court affirmed. *Crawford v. Janklow*, 710 F.2d 1321 (8th Cir.1983).

This case involves the state's revised LIEAP plan for fiscal 1984. That plan, which this Court characterized as having "a surface appeal of rationality," *Clifford*, 733 F.2d at 534, designates public housing residents as "partially vulnerable" to heating costs because their housing subsidies took into account heating expenses. Other low income citizens not residing in subsidized housing are "fully vulnerable" to heating costs and need not prove actual heating expenses. *Id.* at 536. The district court expedited its consideration of the plan and, in January 1984, found that the state's method of administration violated LIHEAA provisions, 42 U.S.C. §§ 8624(b)(5), 8624(b)(8) & 8624(f). This Court affirmed on its reading of the latter two sections. *Id.* at 537.

Attorney's fees are entrusted to the district court's discretion, and this Court will not find an abuse of discretion "unless the record clearly supports such a conclusion." *Bowman v. Pulaski County Special School District*, 723 F.2d 640, 646 (8th Cir.1983). On the record in this case we cannot say that the district court abused its discretion.

The state contends that the similarity of this case to *Crawford* suggests that Black Hill's legal work should have benefited from repetition of similar issues, and their fee should be smaller. Despite superficial similarities, the cases differed enough to require additional work. The district court found that:

a more full and complete record was made at trial on the merits by plaintiffs, and that although many of the legal issues were similar, in the instant case the factual and legal issues were sufficiently

---

1. The Honorable Donald J. Porter, United States District Judge for the District of South Dakota.

2. Appellants contend that appellees were not the prevailing party because, on the date their brief was submitted, the appeal had not been decided.

The following day, this Court affirmed on the merits. *Clifford v. Janklow*, 733 F.2d 534 (8th Cir.1984). This decision moots appellants' argument.

different to judge the instant case complex.

*Clifford v. Janklow*, No. 83–3092, Slip op. at 2 (D.S.D. March 2, 1984), *aff'd*, 733 F.2d 534 (8th Cir.1984). This Court agreed, declaring that

> [t]he question presented in this case is different than the one we confronted in *Crawford* in that the State has reduced the benefit levels for subsidized housing residents—sometimes down to zero—instead of categorically excluding them from the program.

*Clifford*, 733 F.2d at 539.

The district court also noted that Black Hills attorneys attended settlement negotiations in Pierre and that they made greater use of expedited pretrial interrogatories in constructing the record at trial, which required the devotion of greater time and resources. In making these pretrial preparations and in trying the case, it seems reasonable that Black Hills assigned two attorneys to the case, a practice which this Court has previously approved in complex cases. *See Avalon Cinema Corp. v. Thompson*, 689 F.2d 137, 139 (8th Cir. 1982).

After careful review of the record, we cannot say that the district court abused its discretion in its award of attorney's fees. Accordingly, the judgment of the district court is affirmed.