201 N.J. Super. 65 (1984)
492 A.2d 703
GANNETT SATELLITE INFORMATION NETWORK, INC., D/B/A THE COURIER-NEWS, PLAINTIFF,
v.
BOARD OF EDUCATION OF THE BOROUGH OF MANVILLE AND DAVID GREEN, DEFENDANTS.
Superior Court of New Jersey, Law Division Somerset County.
Decided November 30, 1984.
*67 Richard A. Ragsdale for plaintiff (Herold, Ragsdale, Haines & McGowan, attorneys).
Michael Weiss for defendants.
MEREDITH, J.S.C.
The issue presented in this case is whether the "personnel exception" of the Open Public Meetings Act, N.J.S.A. 10:4-12(b)(8), applies when a school board fills a vacancy created by a departing board member. This court holds that it does not and that the meeting must be open to the public.
The parties are essentially in agreement as to the material facts of the case. Christine Nowosielski was elected to a three-year term on the Manville Board of Education in April 1983. She submitted her resignation in August 1984 to take an out-of-state job.
The Board invited the public to submit applications to fill this vacancy. Five candidates applied. At the regularly scheduled Board meeting on September 17, 1984, the Board adopted a resolution to the effect that the Board would meet in a closed session on September 24, 1984 for the purpose of interviewing the candidates. Forty-eight (48) hours written notice of the meeting was not given.
At the September 24, 1984 closed meeting, the candidates were interviewed and a decision was made to appoint David Green to fill the vacancy.
The Courier-News then instituted this action in lieu of prerogative writs seeking to declare the appointment of David Green void for failure to comply with the Open Public Meetings Act and compelling the defendants to make minutes of the closed meeting available to the plaintiff.
The plaintiff has moved for summary judgment on the grounds that this meeting was required to be open to the public pursuant to the Open Public Meetings Act and that the Board failed to give proper notice of the meeting.
*68 The defendants claim that this meeting was within the personnel exception to the Open Public Meetings Act and that the notice given at the prior Board meeting satisfied the statutory requirements.
N.J.S.A. 10:4-12(a) requires all meetings of public bodies to be open to the public at all times, subject to certain exceptions. Among those exceptions is the so-called "personnel" exception of N.J.S.A. 10:4-12(b)(8), which reads as follows:
b. A public body may exclude the public only from that portion of a meeting at which the public body discusses:

(8) Any matter involving the employment, appointment, termination of employment, terms and conditions of employment, evaluation of the performance of, promotion or disciplining of any specific prospective public officer or employee or current public officer or employee employed or appointed by the public body, unless all the individual employees or appointees whose rights could be adversely affected request in writing that such matter or matters be discussed at a public meeting.
[Emphasis supplied.]
The Board relies on this exception, claiming that it allows for a closed meeting to determine the candidate to fill a school board vacancy.
The plaintiff claims that this exception is inapplicable. It argues that the exception was intended to cover discussions by the Board, out of the presence of the candidates, to evaluate them and make a selection. Plaintiff claims that the statutory exception was not intended to cover the interview process itself. Plaintiff also notes that the position filled is not that of an "employee." It is an elected position and continued retention of the office requires approval of the voting public, not of the agency.
Both parties cite the case of Jones v. East Windsor Bd. of Ed., 143 N.J. Super. 182 (Law Div. 1976), app. dism. as moot, 158 N.J. Super. 496 (App.Div. 1977). In Jones, the school board decided to meet in executive session when interviewing applicants for a vacancy on the Board. The Board then reconvened and nominated applicants and voted on a candidate. There was a claim that this procedure violated the Open Public Meetings *69 Act. The court determined that no violation had occurred. It stated that "the public witnessed the deliberations of the School Board to the extent that it acted." Id. at 192. The court determined that no discussions took place in the closed session regarding the qualifications of the various applicants and that no decision had been made in the closed meeting.
Jones is distinguishable from the instant case. In the case at bar, the interviews, nominations and voting all took place in the closed meeting. The decision was made in that session. The public did not witness any of the actions of the School Board in connection with this appointment.
The instant case is closer to Cullum v. North Bergen Bd. of Ed., 15 N.J. 285 (1954). In Cullum, the court invalidated the appointment of a school superintendent where School Board members had prepared a resolution appointing the superintendent prior to a special meeting. At the meeting itself, the resolution was adopted. The court found this to be a "mere formality" and stated that "the open meeting held was nothing more than a sham" and constituted an abuse of discretion. Id. at 294.
The court finds that this meeting did, in fact, violate the Open Public Meetings Act. There was no opportunity whatsoever for the public to, as the Jones court stated, "witness the ... deliberation, policy formulation and decision making of public bodies." Jones, 143 N.J. Super. at 192.
The court finds that, while the Board could exclude the public from its deliberations on the qualifications of the various candidates, the personnel exception is not an excuse for excluding the public from the entire process. Unlike the appointment in Jones, no portion whatsoever of this decision was open to the public. The exceptions to the law should be narrowly construed in light of the legislative purpose of the statute.
*70 This court holds that the personnel exception of the Open Public Meetings Act does not apply to elected officials whose continued retention in office is dependent on the approval of the public, not on any particular agency or department. Although, technically, David Green was appointed, this appointment was in lieu of an election and his position should be considered an elective one for purposes of the Sunshine Law. In the instant case, where a public body is appointing an individual to fill a position normally filled by an elected official, the reasons for allowing public scrutiny of the actions taken are even more compelling.
Having determined that the closed session was in violation of the Open Public Meetings Act, the court invalidates the appointment of David Green, which occurred at that session. This matter will be remanded to the Board of Education for further proceedings consistent with N.J.S.A. 10:4-12.
Having so determined that the meeting was void, this court need not reach the issue of the sufficiency of the notice given.