**Betty R. ROUBIDEAUX, Plaintiff**

v.

**Linda COX, Individually and in her capacity as caseworker for the State of South Dakota, Rodney Lanz, Individually and in his capacity as caseworker for the Department of Social Services of the State of South Dakota, Defendants.**

**Civ. No. 83–3053.**

United States District Court, D. South Dakota, C.D.

Jan. 22, 1985.

Robert A. Sambroak, Jr., Kadoka, S.D., for plaintiff.

Richard Dale, Asst. Atty. Gen., Pierre, S.D., for defendants.

## MEMORANDUM OPINION

DONALD J. PORTER, District Judge.

Plaintiff brought this action pursuant to 42 U.S.C. § 1983 against two caseworkers of the South Dakota Department of Social Services, [DSS] in their individual and official capacities, the DSS itself, and the state of South Dakota. Plaintiff requested damages in the amount of $20,000, alleging that defendants deprived plaintiff of public assistance, under the Aid to Families with Dependent Children [ADC] program, in violation of plaintiff's due process rights. Before the trial, the court dismissed the action as to the state and the DSS, and as to defendants in their official capacities. The jury returned a verdict for plaintiff in the amount of $2,000 against defendant Rodney Lanz in his individual capacity. No

appeal from this verdict was taken by any party. Plaintiff has timely moved for an award of attorney's fees under 42 U.S.C. § 1988.

Defendant claims, initially, that fees cannot be awarded under § 1988 against defendant acting in his individual capacity without a showing of bad faith. The case defendant mainly urges in this regard is *Pickett v. Milam*, 579 F.2d 1118 (8th Cir. 1978). In *Pickett*, the plaintiffs brought an action for declaratory and injunctive relief against a county election commission. Plaintiffs contended that the county's apportionment plan violated equal protection, and plaintiffs prevailed on this contention. A motion for attorney's fees was made, but was apparently denied because the district court believed that any award of fees could be made only against the defendants in their individual capacities, and that there was no showing of bad faith to justify such an award. The Eighth Circuit agreed that there was no indication of bad faith in the record, and "[t]hus, no award of attorney fees against the appellees in their individual capacities is justified." 579 F.2d at 1120. The rule in *Pickett*, however, is inapplicable here.

*Pickett*, as noted above, involved a suit for injunctive and declaratory relief against government officials in their official as well as individual capacities, as was the situation in *Hutto v. Finney*, 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978). *Hutto* makes it clear that

> suits brought against individual officers for injunctive relief are for all practical purposes suits against the state itself ... in such suits attorney's fee awards should generally be obtained "either directly from the official, in his official capacity, from funds of his agency or under his control, or from the state or local government (whether or not the agency or government is a named party)." ... Awards against the official in his individual capacity, in contrast, were

not to be affected by the statute; in injunctive suits they would continue to be awarded only "under the traditional bad faith standard recognized by the Supreme Court in Alyeska."

*Hutto*, 437 U.S. at 700, 98 S.Ct. at 2578.

Unlike both *Hutto* and *Pickett*, however, this was not an injunctive action against state officials acting in their official capacity; as tried, this was a claim for damages against an official for a constitutional tort committed by that person in his individual capacity. Even assuming that bad faith is required to be shown to justify an award of fees against such a defendant, though, the court is satisfied that there is an adequate record to support the award of fees here.

Defendant affirmatively pled the defense of good faith immunity, and the court instructed the jury that it could find for the plaintiff only if the defendant knew or should have known that his actions would violate plaintiff's constitutional rights or if defendant took the action with malicious intention to cause the violation of the plaintiff's constitutional rights, and that defendant acted with such impermissible motivation or with such disregard of the plaintiff's rights that his action could not be characterized as being in good faith.[1] The fact the jury then awarded plaintiff $2,000 against defendant necessarily implies that it found against defendant on these issues. Though few cases seem to have addressed the issue, this court takes the view that "a failure to meet the requirements of the good faith qualified immunity test generally available to ... government officials ... satisfies [the] bad faith standard." *Visser v. Magnarelli*, 542 F.Supp. 1331, 1336 (N.D.N.Y.1982). In the words of *McNamara v. Moody*, 606 F.2d 621, 627 (5th Cir.1979), a contrary result would mean that "[p]revailing plaintiffs who are awarded only money damages against state officials ... would receive no attorney's fees under the Act. Were we to read the Senate Report as mandating such a result we

---

**1.** The court also instructed the jury that, to make an award, it would have to find that defendant acted with gross negligence toward plaintiff, defining gross negligence as conscious indifference to the rights of the plaintiff.

would be creating a significant gap in § 1988's coverage without any basis in the statutory language."

█ Defendant next argues that under *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), plaintiff's fee request should be substantially reduced because, defendant contends, plaintiff achieved only very limited success by her action. This court does not agree. Although plaintiff requested $20,000 in her prayer for relief and won only $2,000, this was still a significant award. The court knows of no other jury trial in this district in which a plaintiff welfare mother was able to convince a jury that her rights in her welfare benefits had a monetary value, and what is more, to also convince a jury that it should award her money damages against a state official, as here. Viewed from this perspective, plaintiff's action was, in many ways, a vindication of the interests of all welfare mothers in this state. This court can find no basis for a reduction in plaintiff's award.

█ Plaintiff's claim is for 50.1 hours at $55 per hour, or an award of $2,755.50. While defendant insists this is excessive, an application of the normal factors which this court has stated before, *Hinkle v. Christensen*, 548 F.Supp. 630 (D.S.D.1982); *Walker v. Wegner*, 535 F.Supp. 415 (D.S.D. 1982), indicates that plaintiff's claim is actually quite modest. This was not, at least in the context of a jury trial in South Dakota, where few 42 U.S.C. § 1983 claims have prevailed, a straightforward claim. It also was not a particularly desirable action to pursue. Further, the time employed and the rate claimed are considerably less than many other civil rights actions coming before this court. In *Clifford v. Janklow*, 601 F.Supp 16 (D.S.D.1984), for instance, this court made an award for work done in excess of 200 hours at a rate of $65 per hour, or a total award of nearly $15,-000. This award was affirmed by the Eighth Circuit. *Clifford v. Janklow*, 747 F.2d 1229 (8th Cir.1984). While *Clifford* involved more complex issues, many of the basic rights at stake in the case were presented there, namely, the rights of a welfare recipient under federally funded welfare programs. Defendants' detailed objections to each time entry of plaintiff's counsel, in some cases going so far as to demand that a request for twelve minutes work be reduced to two minutes, is nothing more than carping. Plaintiff has made no request for any amount of time that is not regular, proper, or has not been the subject of a previous award. *See*, e.g., *Clifford*. To perform the type of major surgery defendant asks be done on plaintiff's request would have the effect of actively discouraging any private attorney in the state from taking on such actions in direct contravention of the purpose of 42 U.S.C. § 1988. The court therefore awards plaintiff $2,755.50 for her attorney fees in this action.

█ Plaintiff also requested the sum of $137.77 in sales tax. Defendant objects to an award for this purpose, but cites no authority for his objection. It is clear, under SDCL 10–45–5.2, that such a tax is a necessary cost, however, and the court accordingly awards this sum. Finally, the court also finds the claimed trial expenses of $102.08 to be reasonable, and makes a further award for that amount.

For all the reasons given, therefore, the court awards plaintiff the total sum of $2,995.35 for her fees and expenses in this action.