JOHN E. FRYATT, District Attorney Waukesha County
You request my opinion whether a governmental body such as a school board of a common school district, which has the power to fill a vacancy on such body pursuant to section 17.26(1), Stats., can, at a duly noticed meeting, reconvene in closed session under exemptions contained in section 19.85(1)(c) and (f) to interview interested persons and to appoint a successor. Exemptions (c) and (f) provide:
 (c) Considering employment, promotion, compensation or performance evaluation data of any public employe over which the governmental body has jurisdiction or exercises responsibility.
. . . .
 (f) Considering financial, medical, social or personal histories or disciplinary data of specific persons, preliminary consideration of specific personnel problems or the investigation of charges against specific persons except where par. (b) applies which, if discussed in public, would be likely to have a substantial adverse effect upon the reputation of any person referred to in such histories or data, or involved in such problems or investigations.
In my opinion a governmental body cannot reconvene in closed session to interview potential candidates unless the information solicited and discussions involve "financial, medical, social or personal histories or disciplinary data of specific persons . . . which, if discussed in public, would be likely to have a substantial adverse effect upon the reputation of any person referred to in such histories or data . . . ." Sec.19.85(1)(f), Stats. As I stated in OAG 9-76 in discussing section 66.77(4)(e), Stats. (1975): *Page 71 
 To justify considering individual qualifications in closed session, it is not sufficient that personal information is the subject of discussion, even if public discussion of that information might result in some damage to reputations. The exception applies only where such discussion in open session might unduly damage reputations. State ex rel. Youmans v. Owens (1965), 28 Wis.2d 672, 685, 137 N.W.2d 470, held that, in determining whether public disclosure might unduly damage reputations, the interest of the public in being informed on public matters must be balanced against harm to reputations which would likely result from public airing.
 It would be extremely unusual that a general discussion of qualifications of potential candidates for a school board position might involve undue damage to reputations or even danger of possible undue damage. It would appear to me, that before a board could legally convene in closed session in reliance upon the exception, at least one board member would have to have actual knowledge of information which he or she reasonably believed would unduly damage reputations if divulged in open session and that there was probability that such information would be divulged.
The present test, under section 19.85(1)(f), requires a determination that the information involved "would be likely tohave a substantial adverse effect upon the reputation" involved. This is a much more demanding test than was applicable under the predecessor statute, section 66.77(4)(e), Stats. (1975), which used language "which may unduly damage reputations." And seeState ex rel. Youmans v. Owens, 28 Wis.2d 672, 137 N.W.2d 470
(1965).
A governmental body should utilize a closed session only in the exceptional case. The purpose behind interviewing potential appointees is often to ascertain how such persons stand with respect to policy and political issues, rather than to inquire into "financial, medical, social or personal histories or disciplinary data of specific persons . . . ." Furthermore, although closure might be warranted as to some part of an interview of a specific person seeking appointment, it would not be warranted with respect to all discussion with said person. With respect to certain other persons seeking appointment, closure would not be warranted at all. The governmental body, not the individual, has the power to open or close a meeting. Stateex rel. Bilder v. Delavan Tp., 112 Wis.2d 539, 558, *Page 72 334 N.W.2d 252 (1983). In limited situations under exemption (b), an employe may demand that a meeting be held in open session. Even where closure is permissible, discussion must be limited to matters which relate to the exempt area. Section 19.85(1) provides in part:
 Any meeting of a governmental body, upon motion duly made and carried, may be convened in closed session under one or more of the exemptions provided in this section. The motion shall be carried by a majority vote in such manner that the vote of each member is ascertained and recorded in the minutes. No motion to convene in closed session may be adopted unless the chief presiding officer announces to those present at the meeting at which such motion is made, the nature of the business to be considered at such closed session, and the specific exemption or exemptions under this subsection by which such closed session is claimed to be authorized. Such announcement shall become part of the record of the meeting. No business may be taken up at any closed session except that which relates to matters contained in the chief presiding officer's announcement of the closed session.
As to whether the actual vote to appoint can be taken in closed session, Cities Service Oil Company v. Board of Appeals,21 Wis.2d 516, 124 N.W.2d 809 (1963), held that votes which are "an integral part" of the closed deliberations may be taken in closed session. Thus, for example, a school board could, citing exemption (c), convene in closed session to both interview and hire an employe, i.e., a teacher or administrator, since the act of hiring is an integral part of the reason for which the closed session is authorized, namely considering employment.
I am of the opinion, however, that neither exemption (c) nor (f) authorizes a school board to make an actual appointment of a new member in closed session. Exemption (c) does not apply because I do not consider the act of a governmental body to fill a vacant office pursuant to section 17.26(1) to be "considering employment" as that term is used in section 19.85(1)(c). Exemption (f) does not apply because the vote to appoint is not an integral part of deliberations which may only be closed for the duration of discussions about financial, medical, social, personal histories or disciplinary data which would be likely to substantially and adversely affect the reputation of people involved. *Page 73 
The purpose of the open meetings law is to give the public the fullest and most complete information regarding the affairs of government as is compatible with conduct of governmental business. Martin v. Wray, 473 F. Supp. 1131, 1137 (E.D. Wis. 1979). Section 19.81(2) provides: "To implement and ensure the public policy herein expressed, all meetings of all state and local governmental bodies shall be publicly held in places reasonably accessible to members of the public and shall be open to all citizens at all times unless otherwise expressly provided by law." If there is substantial question as to whether closure is permitted under a given exemption. the meeting should be held in open session.
BCL:RJV