MICHAEL J. HARVEY, Corporation Counsel Ozaukee County
You have asked for my opinion whether the county board chairperson and the members of the administrative committee may meet in closed session to discuss appointments of county board supervisors to committees.
In the past, the administrative committee has closed the meetings under section 19.85 (1)(c), Stats., to discuss committee appointments for supervisors.
I have concluded that section 19.85 (1)(c) does not authorize the county board chairperson and the administrative committee to meet in closed session to discuss the appointments.
Section 19.85 (1)(c) authorizes a meeting to be closed to consider "employment, promotion, compensation or performance evaluation data of any public employe over which the governmental body has jurisdiction or exercises responsibility." Only county board members are appointed by the chairperson to the committees. See sec. 59.06 (1), Stats. Because the county board members are elected officials performing the duties of their office when serving on the county board committees, they cannot be public employes under section 19.85 (1)(c). Cf. Gannett Satellite Info.Net. v. Bd. of Educ., 201 N.J. Super. 65, 492 A.2d 703, 705-06
(1984). ("[T]he personnel exception to the Open Public Meetings Act does not apply to elected officials whose continued retention in office is dependent on the approval of the public, not on any particular agency or department.") Therefore, the meeting to discuss the appointment of the committee members cannot be closed under section 19.85 (1)(c).
Only under limited circumstances would a closed session of the meeting be authorized. It would be permitted by section 19.85
(1)(f) for the purpose of:
 Considering financial, medical, social or personal histories or disciplinary data of specific persons, preliminary consideration *Page 277 
of specific personnel problems or the investigation of charges against specific persons except where par. (b) applies which, if discussed in public, would be likely to have a substantial adverse effect upon the reputation of any person referred to in such histories or data, or involved in such problems or investigations.
However, before the meeting could be closed under section 19.85
(1)(f), at least one committee member or the chairperson would have to have actual knowledge of information which he or she reasonably believed would be likely to have a substantial adverse effect upon the reputation involved and there must be a probability that such information would be divulged. 74 Op. Att'y Gen. 70, 71 (1985). The meeting could then be closed only to discuss such information.
DJH:SWK *Page 278