624 F.2d 60
 Mary Ann WALKER, Eleanor Grace Elliott, and Ken Hardman, Appellees,
v.
Helen WEGNER, Secretary of the Department of Commerce and
Consumer Affairs, and Mark V. Meierhenry, Attorney
General, individually and in their
official capacities, Appellants.
 No. 79-1821.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 15, 1980.
Decided July 2, 1980.
 
 1
 Richard H. Wendt, Asst. Atty. Gen. (argued), Mark V. Meierhenry, Atty. Gen., Pierre, S. D., on brief, for appellants.
 
 
 2
 David Grosz (argued), Larry J. Roberts of Barry A. Fisher Law Offices, Los Angeles, Cal., and William J. Srstka, Jr., Duncan, Olinger, Srstka, Lovald & Robbennolt, Pierre, S. D., on brief, for appellees.
 
 
 3
 Before LAY, Chief Judge, ROSS, Circuit Judge, and LARSON,* Senior District Judge.
 
 
 4
 LARSON, Senior District Judge.
 
 
 5
 Defendants Helen Wegner and Mark Meierhenry appeal on behalf of the State of South Dakota from an order of the South Dakota District Court[1], 477 F.Supp. 648, granting plaintiffs' motion for a preliminary injunction and denying defendants' motion to dismiss based on the abstention doctrine enunciated by the United States Supreme Court in Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Plaintiffs-appellees are three individual members of the Holy Spirit Association for the Unification of World Christianity (Unification Church). The defendants-appellants are Helen Wegner, the Secretary of the Department of Commerce and Consumer Affairs, and Mark V. Meierhenry, the Attorney General for the State of South Dakota. In this case, plaintiffs claim that a South Dakota statute that regulates solicitation of charitable contributions, see S. D. Codified Laws Ann. Ch. 37-27, violates the First and Fourteenth Amendments to the United States Constitution.
 
 
 6
 Chapter 37-27 requires registration of organizations soliciting contributions in the State of South Dakota. Several types of organizations including charitable organizations serving a bona fide religious purpose are exempt from the requirements of the statute. The Secretary of Commerce and Consumer Affairs, however, may prohibit solicitation by exempt organizations pending an administrative hearing "in order to protect the public interest." S. D. Codified Laws Ann. § 37-27-33. On June 27, 1979, defendant Meierhenry wrote the Unification Church requesting information regarding its qualifications for exemption from the registration statute. The next day an ex parte order requiring the Unification Church to cease and desist from solicitation of contributions in the State pending an administrative hearing was signed by defendant Wegner. An administrative hearing was scheduled for August 1, 1979, and subsequently postponed until August 22, 1979, at the behest of the Unification Church. In the interim, the plaintiffs filed this suit in South Dakota Federal District Court challenging the constitutionality of the statute, and requesting preliminary and permanent injunctive relief against the enforcement of the statute. The defendants appeal the district court's granting of the preliminary injunction and the denial of their motion to dismiss the Federal court action on the ground that abstention, under the dictates of Younger v. Harris, is required in this case.
 
 
 7
 Exhaustion of available State remedies, which in this case would entail appealing to the State courts in South Dakota after the administrative hearing, is not required before the plaintiffs may file their suit under 42 U.S.C. § 1983, attacking the constitutionality of the statute; the Federal remedy provided under § 1983 is intended to supplement State remedies so that the latter need not be exhausted before the former is invoked. See Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Nevertheless, although exhaustion of State remedies is not required and actions under § 1983 are exempt from the provisions of the anti-injunction statute, see 28 U.S.C. § 2283, the principles of federalism still must be considered before Federal interference with State proceedings is deemed to be appropriate. Therefore, the issue confronting us in this case is whether the administrative action herein is a "pending proceeding" within the scope of Younger and its progeny. The district court determined that the proceeding herein did not fall within the proscriptions of Younger ; we agree.
 
 
 8
 In Younger the Supreme Court held that Federal abstention is appropriate when Federal injunctive or declaratory relief has been sought against a pending State criminal prosecution, except upon a showing of special circumstances that would result in great and immediate irreparable harm to the Federal plaintiff. See 401 U.S. at 48, 53-54, 91 S.Ct. at 752, 754-55. Later cases expanded the reach of Younger abstention to civil cases, see Moore v. Sims, 442 U.S. 415, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979) (protection of children); Trainor v. Hernandez, 431 U.S. 434, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977) (civil attachment proceeding for wrongful payment of public assistance); Juidice v. Vail, 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977) (civil contempt proceedings); Huffman v. Pursue, Ltd., 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975) (enforcement of nuisance laws), and it has become clear that the vital consideration in Younger was not the distinction between civil and criminal proceedings, but rather the notions of federalism and comity were of paramount importance abstention is appropriate when the State's interest in enforcing certain of its laws with a nexus to criminal laws overrides the interests of the Federal government. The Federal courts' interest in vindicating and protecting Federal rights and Federal interests must be attained without unduly interfering with the legitimate activities of the states. See 431 U.S. at 444, 97 S.Ct. at 1918. Despite the extension of the Younger doctrine to a wide variety of civil actions, the case before us today does not present circumstances justifying abstention of the Federal courts.
 
 
 9
 First, the administrative agency charged with interpreting, enforcing, and applying the registration statute the Department of Commerce and Consumer Affairs lacks the power to resolve the constitutional claims of the plaintiffs. Since the Federal action herein challenges the First Amendment validity of the very statute that authorizes the administrative proceeding in the first place, appellees would not be afforded an adequate opportunity to adjudicate their claims if forced to proceed through the State administrative process. Therefore, even were we to concede that the administrative action here is a "pending state proceeding" under Younger, which we do not, the available "remedy" is not an adequate remedy at law. See Moore v. Sims, 442 U.S. 415, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979) (pertinent issue is whether appellees' constitutional claims could have been raised in the pending State proceedings); Gibson v. Berryhill, 411 U.S. 564, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973) (remedy not adequate when judging body may be biased or have personal interest in issue presented); cf. Public Utilities Commission v. United States, 355 U.S. 534, 539, 78 S.Ct. 446, 450-51, 2 L.Ed.2d 470 (1958) ("(W)here the only question is whether it is constitutional to fasten the administrative procedure onto the litigant, the administrative agency may be defied and judicial relief sought as the only effective way to protect the asserted constitutional right.").
 
 
 10
 Second, although an appeal from the administrative proceeding to the South Dakota court system might resolve the dispute, requiring such action would permit a considerable delay and the holding of an administrative hearing that the appellees claim the State has no right to hold. This prior restraint on appellees' First Amendment right would be without the benefit of the safeguards prescribed by the United States Supreme Court in Freedman v. Maryland, 380 U.S. 51, 85 S.Ct. 734, 13 L.Ed.2d 649 (1965).
 
 
 11
 Finally, we share the district court's concern that appellees may not be able to assert their claims of constitutional invalidity at any stage of the administrative hearing or in any appeal that might follow. The Unification Church, and not the appellees, is the party before the Department of Commerce and Consumer Affairs. This raises a serious question of whether appellees would have standing to raise the issues presently before this Court in that proceeding. The only issue before us on this appeal is whether abstention is required under the facts of this case. We express no opinion as to any other portion of the district court's order. The Order granting the preliminary injunction and denying the motion to dismiss is affirmed.
 
 
 
 *
 The Honorable Earl R. Larson, Senior United States District Judge for the District of Minnesota, sitting by designation
 
 
 [1]
 The Honorable Donald J. Porter, United States District Judge for the District of South Dakota