Luis J. LAJE, Plaintiff,

v.

R. E. THOMASON GENERAL HOSPITAL, Defendant.

No. EP-73-CA-264.

United States District Court, W. D. Texas, El Paso Division.

Oct. 16, 1980.

Broadus A. Spivey, Austin, Tex., Mike Thompson, El Paso, Tex., Paul E. Knisely, Austin, Tex., for plaintiff.

L. W. Anderson, Dallas, Tex., James Kirby Read, El Paso, Tex., George Rodriguez, Jr., County Atty., El Paso, Tex., for defendant.

## ORDER REGARDING ATTORNEYS' FEES

HUDSPETH, District Judge.

On July 15, 1980, a partial summary judgment was entered in favor of plaintiff herein with respect to his claim of denial of procedural due process, and he was awarded nominal damages in the amount of one dollar ($1.00). The order further provided that a jury trial be held as to the issues of actual damages and attorneys' fees. Later, Plaintiff and defendant stipulated that the Court would decide the question of attorneys' fees. On September 3 and 4, 1980, a jury trial was held on the question of damages, and the jury awarded plaintiff actual damages in the total sum of $52,400.26. The question now before the Court is the award of attorneys' fees to the plaintiff as a "prevailing party" in a civil rights suit. 42 U.S.C. § 1988.

■ The case law establishes that Plaintiff is entitled to an award of attorneys' fees, since he is a prevailing party and there are no unusual circumstances warranting the denial of such an award. *Criterion Club of Albany v. Board of Commissioners of Doughtery*, 594 F.2d 118 (5th Cir. 1979); *Rheuark v. Shaw*, 477 F.Supp. 897, 927 (N.D.Tex.1979). Since he did not prevail as to all his claims, however, attorneys' fees should be awarded only with respect to those claims as to which Plaintiff was successful in whole or in part. *Dillon v. AF-BIC Development*, 597 F.2d 556 (5th Cir. 1979); *Rainey v. Jackson State College*, 551 F.2d 672, 674 (5th Cir. 1977).

■ In arriving at an award of attorneys' fees, the Court must follow the guidelines established by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). Under these guidelines, twelve factors must be considered: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Georgia Highway Express, Inc., supra* at 717–19. Later decisions indicate that district courts must pay special heed to numbers (1), (5), (8), and (9). *Copper Liquor, Inc. v. Adolph Coors Co.*, 624 F.2d 575 (5th Cir. 1980). Each factor will now be discussed separately.

(1) *The time and labor required.*

Plaintiff's attorneys have submitted affidavits and billing sheets showing time spent and expenses accrued during their representation of Dr. Laje. Both time and expenses are broken down into four units, A–D, each of which covers a significant stage in the course of this litigation. Unit A covers that period of time from June 14, 1973 (the date

on which Plaintiff's attorney was retained) until April 25, 1974 (the date of the hearing on Plaintiff's right to staff privileges at the Defendant Hospital). Unit B covers the time period from April 25, 1974 to June 19, 1978 (the date on which Plaintiff's application for writ of certiorari concerning the staff privileges claim was denied by the United States Supreme Court). Unit C covers from June 19, 1978 to July 15, 1980 (the date of the affirmance by the District Court of the administrative decision on wrongful discharge). Unit D covers the time period from July 15, 1980 until September 12, 1980, the date of the affidavits.

Counsel's breakdown of time and expenses shows that during Unit A, Broadus Spivey logged 39.4 hours and incurred $1,527.92 in expenses; in Unit B, Mr. Spivey logged 143.8 hours and paid expenses totaling $7,735.43; during Unit C, Mr. Spivey logged 135.3 hours, Mr. Paul Knisely logged 52.1 hours, and expenses totaling $5,570.74 were incurred; during Unit D, Mr. Spivey worked 51.2 billable hours, Mr. Knisely worked 95.4 hours, and Mr. Mike Thompson worked 36.5 hours, and expenses totaling $1,487.37 were incurred.

Of the four "units," however, only Unit D represents time spent solely on an issue as to which Plaintiff prevailed and for which an award should be made at a full rate. Unit B represents time spent on an issue as to which Plaintiff lost completely, and, accordingly, Plaintiff has sought no award for that time unit.

Unit A represents the start–up period of the litigation, at which time the issues had not been as finely honed as at a later stage. Thus, much of this time was spent on legal work that cannot be readily assigned to any one issue. Bearing in mind that this period ended in the trial of an issue as to which Plaintiff was unsuccessful, but which cannot be characterized as manufactured or frivolous, the award for both time and expenses should neither be allowed at a full rate, nor disallowed altogether. See *Brown v. Bathke*, 588 F.2d 634 (8th Cir. 1978). A factor of two–thirds would be just and proper as applied to the time and expenses for this unit.

Unit C covers time and expenses during a period when only two issues were left to be resolved in this law suit. On those issues, both sharply drawn, Plaintiff was unsuccessful as to his claim of wrongful discharge, but was successful in achieving a partial summary judgment as to his claim of deprivation of procedural due process, leaving only the matters of damages therefrom and attorney fees, if any, to be determined. Since Plaintiff was only partially successful in Unit C, a factor of one–half is properly applied to his claim for hours and expenses. *Harris v. City of Fort Myers*, 624 F.2d 1321 (5th Cir. 1980) (partial success merits award); *Rainey v. Jackson State College*, 481 F.2d 347 (5th Cir. 1973) (factor of one–half applied where work performed was on appeal of moot question, but successful as to whether plaintiff merited attorney's fees on another matter).

(2) *The novelty and difficulty of the questions.*

This case has kept pace with the developments of law throughout its long history. Although no new ground has been broken by either side in this controversy, neither has this been a pedestrian, easily resolved dispute.

(3) *The skill requisite to perform the legal service properly.*

Plaintiff's counsel were faced with skillful and determined opposition. Both sides produced highly polished work product and were well prepared at all times, showing substantial out–of–court preparation.

(4) *The preclusion of other employment by the attorney due to acceptance of the case.*

There can be no doubt that this case has used up much of Plaintiff's counsel's time, with very little assurance of remuneration. But for this case, counsel could have accepted employment in other matters.

(5) *The customary fee.*

This factor is closely related to the experience and reputation of counsel. There is

an affidavit to the effect that $75.00 an hour is the usual and customary fee for local attorneys in the federal court in this division and District. Lead counsel has informed the Court that his usual hourly fees were $75.00 per hour when he undertook this representation, and went up to $100.00 per hour in 1978. Attorney Knisely has presented an hourly rate of $60.00 per hour to this Court.

(6) *Whether the fee is fixed or contingent.*

In this instance, the Plaintiff initially agreed to a contingent fee arrangement under which counsel was to receive one-third of Plaintiff's eventual recovery, if any, as his fee. As in *Harris v. City of Fort Myers, supra*, this case was doubly contingent at the outset, Plaintiff in 1973 only being allowed attorney's fees if Defendant litigated in bad faith. Thus, had his attorney sought a "multiplier" as an "incentive," he would have been within his legal rights. See *Harris v. City of Fort Myers*, 624 F.2d at 1326.

(7) *Time limitations imposed by the client or the circumstances.*

Although there have been many deadlines during the course of this case, time has not been an essential factor herein.

(8) *The amount involved and the result obtained.*

Here the base amount was the value of Plaintiff's unexpired contract, plus any damages to which the Plaintiff showed himself entitled for mental anguish and distress arising from the Defendant's failure to provide procedural due process. Neither could have been huge numbers under the facts of this case and this Plaintiff. Thus, the amount involved was not large, as sums go today, but it was considerable. Also, this was not a class action, but was entirely one individual's fight to vindicate his personal rights. However, the results were of the sort most likely to prove to the Defendant

that the need to comply with procedural due process is more than a mere administrative detail, but a requirement that lies at the heart of the relationship between government and citizen, which is unique to this country. To the extent that this trial has helped to establish that principle, this case has a potentially far-reaching effect.

(9) *The experience, reputation, and ability of the attorneys.*

Lead counsel for Plaintiff, Mr. Broadus Spivey, has been in practice for 18 years, has achieved a statewide reputation for his trial ability. He limits his practice to trial work. He is a member of numerous professional associations, and has been elected president of The Texas Trial Lawyers' Association. Mr. Spivey's associate, Mr. Paul Knisely, has only recently been admitted to the bar (1977), but has a solid background in federal procedure, having clerked for Judge Jack Roberts, United States District Judge, in the years 1977–78 and 1979–80. He was graduated from the University of Texas School of Law in 1977 with honors. Local counsel for the Plaintiff, Mr. Mike Thompson, has practiced law in Texas since 1961 and has practiced extensively before the federal bench.

It is important to note that the Defendant in this case was represented by equally outstanding counsel, and that each step of this controversy has been contested, leading to the conclusion that this is not a case of many counsel grouped on both sides needlessly.

(10) *The "undesirability" of the case.*

While it is true that Plaintiff's case was turned down by several El Paso attorneys, it is also true that when Mr. Spivey was retained, a local attorney had already filed an action on Plaintiff's behalf. Seemingly, the fact that Defendant Hospital had prominent local citizens serving on its Board was some deterrent, but not a great barrier to Plaintiff's achieving representation.

(11) *The nature and length of the professional relationship with the client.*

Plaintiff and counsel had no professional relationship prior to this case.

(12) *Awards in similar cases.*

Although awards vary with each case, a close parallel can be drawn between the instant case and *Rainey v. Jackson State College, supra,* in which an individual litigant vindicated his civil rights against an institutional defendant. In that case, the Fifth Circuit directed that an award of $11,182.50 be entered as attorney's fees. The Court takes notice of the fact that attorneys' fees are higher in 1980 than they were in 1974, when that award was made. In a more recent case, *Rheuark v. Shaw, supra,* in which individual plaintiffs sued what was essentially the legal system of Dallas County, Texas, the district court awarded more than $18,000.00, plus some additional costs, for one plaintiff. Finally, in *Harris v. City of Fort Myers, supra,* attorney's fees and costs of over $40,000.00 were awarded on a case that had lingered long but had been decided by an agreed judgment before trial.

The Court has considered all relevant factors, with special regard for the time and labor expended by counsel, the customary fee (one–third contingent fee or reasonable hourly rate), the amount involved and the results obtained (a jury award of $52,-400.26), and the experience, reputation and ability of the attorneys representing the Plaintiff in this cause. It seems reasonable to the Court to compensate counsel assisting the principal attorney in this case at one–half the hourly rate applicable to lead counsel. The following rate should be applied in awarding attorneys' fees:

Unit A:   $75 per hour for Mr. Spivey

Unit B:   Nothing

Unit C:   $100 per hour for Mr. Spivey
          $ 50 per hour for Mr. Knisely

Unit D:   $100 per hour for Mr. Spivey
          $ 50 per hour for Mr. Knisely
          $ 50 per hour for Mr. Thompson

The reduction factor discussed above will be applied to the attorneys' fees and expenses awarded with respect to Units A and C. The calculation is as follows:

### Attorneys' Fees

| | | |
|---|---|---|
| Unit A: | 39.4 Hours (Spivey) at $75/hour x 2/3 | = $ 1,971.00 |
| Unit B: | Nothing | |
| Unit C: | 135.3 hours (Spivey) at $100/hour x 1/2 | = $ 6,765.00 |
| | 52.1 hours (Knisely) at $50/hour x 1/2 | = 1,303.00 |
| Unit D: | 51.2 hours (Spivey) at $100/hour | = 5,120.00 |
| | 95.4 hours (Knisely) at $50/hour | = 4,770.00 |
| | 36.5 hours (Thompson) at $50/hour | = 1,825.00 |
| Total Attorneys Fees: | | $21,754.00 |

### Expenses

| | | |
|---|---|---|
| Unit A: | $1,527.92 x 2/3 | = $ 1,015.28 |
| Unit B: | Nothing | |
| Unit C: | $2,785.37 x 1/2 | = 1,392.69 |
| Unit D: | $1,487.37 | = 1,487.37 |
| Total Expenses: | | $ 3,895.34 |

In light of the foregoing, a judgment will be entered awarding attorneys' fees and expenses to Plaintiff as a prevailing party in the amount of $25,649.34.