**Nancy C. HICKMAN, Plaintiff,**

v.

**VALLEY LOCAL SCHOOL DISTRICT BOARD OF EDUCATION et al., Defendants.**

**No. C-1-76-322.**

United States District Court, S. D. Ohio, W. D.

April 8, 1981.

---

Arthur Wilkowski and Charles E. Bloom, Toledo, Ohio, Frederick G. Cloppert, Jr., Columbus, Ohio, Terry M. Tranter, Cincinnati, Ohio, for plaintiff.

Arthur M. Ney, James M. Moore, John C. Burkholder, Cincinnati, Ohio, for defendants.

## OPINION

DAVID S. PORTER, Senior District Judge:

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 in which a nontenured school teacher claims her contract was not renewed because of her union activities. After a trial on the merits this Court held in favor of defendants (docs. 48, 49). On appeal the Sixth Circuit reversed our decision and remanded with the instruction that this Court order the school board to offer plaintiff a tenured teaching contract and to compensate plaintiff for her lost wages. *Hickman v. Valley Local School District,* 619 F.2d 606, 610 (6th Cir. 1980).[1] The Sixth Circuit also directed this Court to "consider the appropriateness of an award of attorneys' fees, and, if appropriate, the amount of such award." *Id.*

There was no appeal of the Sixth Circuit's decision.

As this case subsequently developed, the school board offered plaintiff a tenured teacher's contract which she accepted. Plaintiff resigned her position a short time after accepting the contract. The parties later reached an agreement on the amount of back pay plaintiff was owed, but no agreement on attorneys' fees was reached. Also, the parties could not agree whether the amount of unemployment compensation benefits plaintiff received from the State of

---

1. The Sixth Circuit affirmed our decision that school board members, School Superintendent Young, and Principal Chestnut, who were named defendants, could not be held individually liable. *Id.* Thus, the only remaining defendant is the Valley Local School District Board of Education.

Ohio could be set off against the back pay award they agreed to.

A hearing on the issues of back pay set off and attorneys' fees was held before this Court on March 18, 1981. From the testimony and argument presented at the hearing, and the memoranda and affidavits of counsel (docs. 73, 76, 77, 78, 79, 80, 82), we hold as follows.

## I.

■ On the issue of whether unemployment benefits can be set off against the back pay award, we find the arguments and authority in plaintiff's brief (doc. 73) persuasive and hold that they cannot. The board therefore must pay plaintiff the entire amount of back pay the parties agreed to which has been represented to the Court to be $19,149.00.

## II.

■ Because plaintiff ultimately prevailed under 42 U.S.C. § 1983 she may be awarded attorney fees pursuant to 42 U.S.C. § 1988 which provides in pertinent part:

> In any action or proceeding to enforce a provision of [42 U.S.C. 1981, 1982, 1983, 1985, and 1986 ... the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs.

An award of attorney fees should ordinarily be made to a prevailing claimant in a civil rights case when provided for by statute. See New York Gaslight Club, Inc. v. Carey, 447 U.S. 54, 63, 100 S.Ct. 2024, 2030, 64 L.Ed.2d 723 (1980); Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 416–417, 98 S.Ct. 694, 697–698, 54 L.Ed.2d 648 (1978); Newman v. Piggie Park Enterprises, 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968). No special circumstances have been brought to the attention of the Court that would make their award unjust in this action. Further, because plaintiff obtained a reversal of this Court's ruling on appeal, the award should include attorneys' fees for both the trial and appeal.

An award of attorneys' fees thus being appropriate, the only thing left to determine is how much the award should be.

The Sixth Circuit's standards for review of claims under 42 U.S.C. § 1988 were comprehensively set out in Northcross v. Board of Ed. of Memphis City Schools, 611 F.2d 624 (6th Cir. 1979), cert. denied, 447 U.S. 911, 100 S.Ct. 2999, 64 L.Ed.2d 862 (1980). Northcross instructs that "a fee calculated in terms of hours of service is the fairest and most manageable approach." 611 F.2d at 636; but see L. Herzel and R. Hagan, "Plaintiffs' Attorneys' Fees in Derivative and Class Actions," 7 Litigation No. 2, p. 25, Winter 1981. This approach, generally known as the "lodestar" approach, requires that the hours of service provided by the attorneys be multiplied by a reasonable hourly rate. Northcross, 611 F.2d at 636–638; see Hughes v. Repko, 578 F.2d 483, 487–488 (3rd Cir. 1978). The petitioning party has the burden of establishing the number of hours attributable to the case. Id. 578 F.2d at 487. The hours claimed need not be automatically accepted, but, if the hours are rejected, some reason for the rejection must be given. Northcross, 611 F.2d at 637. Hours may be cut for duplication, padding, and frivolous claims. Id. 611 F.2d at 636. A reasonable hourly rate is one which reflects the training, background, experience, and skill of the individual attorney as well as the rates customarily charged in the community for similar services. Id., 611 F.2d at 638.

As noted above, plaintiff is entitled to an award of attorneys' fees both for the trial and the appeal. She employed different law firms for each proceeding, so we will make two assessments.

For the trial plaintiff retained the firm of Green, Schiavoni, Murphy, Haines & Sgambati of Columbus, Ohio. Frederick G. Cloppert, Jr., served as lead trial counsel. An award of $50 an hour for 262 hours, which produces an amount of $13,100, is requested (doc. 76). The number of hours claimed by plaintiff's trial counsel is not strongly contested by the school board. We see no reason to reduce it.

This case was a novel and difficult one that had to be developed with little guidance from existing law. At the time trial counsel was retained the Supreme Court had yet to decide *Mt. Healthy City School District v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977), which was the basis for the Sixth Circuit's reversal of our decision in this action, and *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), which solidified the liability of the school board. Meticulous preparation was required. Trial counsel in this action were also trial counsel in *Mt. Healthy, supra*, and their preparation of this action was undoubtedly aided by that experience. They probably worked fewer hours on this case than they would have without the *Mt. Healthy* experience. Furthermore, the extensive efforts of trial counsel ultimately benefited plaintiff because they helped to form the record which the Sixth Circuit reviewed and based its holding on.[2]

The hourly rate requested by trial counsel, $50, is not challenged and we find it to be reasonable.

We hold that plaintiff should receive the entire award requested for trial counsel.

After Mrs. Hickman was terminated, she was out of work for a while and then found employment with an Ohio state agency interested in development of high speed passenger rail transportation. That agency was established at the instance of a state legislator and attorney from Toledo, Arthur Wilkowski. Plaintiff later left the agency and went to work as a legislative aide for the Ohio House of Representatives; she was assigned to the office of Representative Wilkowski.

Hickman testified that she was not satisfied with the services of her trial attorney. As it happened, Wilkowski and his associates were experienced lawyers. Also, as he noted in a letter to the Court, Wilkowski had been a teacher and had a background in vigorous union activity. Hickman terminated Cloppert and retained Wilkowski.

He and his associates necessarily had to cover a lot of the same ground that Mr. Cloppert had already covered, so there was duplication of effort, but in a sense we are not accustomed to have to take into account in the context of a fee application. Just as Mr. Cloppert's service was of a high caliber, so was that of Mr. Wilkowski and his associates. We conclude, however, that it is not "just" for the losing party in this case to have to pay for all of the time it took appellate counsel to tool up for their task, especially in view of the fact that Cloppert was one of counsel in *Mt. Healthy*, and, as the Court of Appeals observed, this case turned on an interpretation of the "but for" part of *Mt. Healthy*.

For another thing, this Court takes judicial notice of the fact that it is highly unusual, if not unique, that the cost of presenting a case on appeal is more than it was for trial. If this is questioned, the Court of Appeals can check its own records that show over a period of years appointed counsel in criminal appeals have applied for fees in excess of the $1000 maximum in only a handful of cases. It stands to reason that in many of those cases the fees of the trial attorneys were in excess of the maximum.

Arthur Wilkowski served as lead counsel, Terry M. Tranter of Cincinnati, Ohio, served as local counsel. An award of $50 an hour for 486.5 hours, which produces an amount of $24,325, is sought by the Wilkowski firm (docs. 73, 77, 82). Mr. Tranter seeks an award of $50 an hour for 26 hours, which produces an amount of $1,300 (doc. 73 pp. A33–A34).

With *Northcross* in mind, we have carefully scrutinized the claim of appellate counsel. Examples of time spent which was duplicative of work done by trial counsel was time spent interviewing the plaintiff and investigating the circumstances that led up to her claim. Another example is time spent reviewing the trial record and also reviewing the trial record in *Mt.*

---

**2.** We note the Sixth Circuit did not state the findings of this Court were clearly erroneous, it simply reviewed the trial record and found its own facts.

*Healthy v. Doyle, supra.* We also noted a rather large number of hours spent in traveling, for which we do not consider it entirely appropriate for counsel to charge their full regular rate. Also, in this case there were hours claimed for waiting for a late plane at the Cincinnati Airport (doc. 73, p. A33). We do not call it "padding," but we deem it noteworthy that in certain instances more time was claimed than we think appropriate for the preparation of letters and documents. For example, in its "amended time sheet" (doc. 77) appellate counsel claim three hours for drafting a responsive letter to another attorney regarding a continuance.

In this connection, we have not overlooked the fact that appellate counsel did a great deal for which no claim was made, *e. g.*, time spent by clerical staff in the duplicating of documents, etc.

In *Northcross, supra,* the Sixth Circuit stated, "[i]n complex cases, involving many lawyers, we have approved the arbitrary but essentially fair approach of simply deducting a small percentage of the total hours to eliminate duplication of services. [Citation omitted.] Such an approach seems preferable to an attempt to pick out, here and there, the hours that were duplicative." 611 F.2d at 636–637. We conclude it is appropriate to take this approach in this case as it is complex and in a sense involves many attorneys. We thus conclude a percentage deduction is in order for hours claimed by appellate counsel that are duplicative of work for which the defendant will have to pay trial counsel. A close reading of the above-quoted language indicates that a percentage deduction is only appropriate for duplicative hours and not for excessive hours spent on certain work. It is impossible to pick out here and there hours found to be excessive. Hence, we conclude a percentage reduction for both duplicative and excessive hours is appropriate.

Our review of the time sheets and affidavits leads us to conclude that the number of hours claimed by appellate counsel should be reduced by 20%. Thus the Wilkowski firm's claim is reduced to 389.2 hours; Mr. Tranter's claim is reduced to 20.8 hours.

The hourly rate requested by appellate counsel, $50, is not challenged and we find it to be reasonable.

We hold that plaintiff should receive $19,460 for the services of the Wilkowski firm and $1,040 for the services of Mr. Tranter.