Mary Ann **WALKER**, Eleanor Grace Elliott, and Ken Hardman, Plaintiffs,

v.

Helen **WEGNER**, Secretary of the Department of Commerce and Consumer Affairs, and Mark V. Meierhenry, Attorney General in their official capacities, Defendants.

Civ. No. 79–3051.

United States District Court, D. South Dakota, C. D.

Jan. 11, 1982.

Fisher & Moest, Larry J. Roberts, David Grosz, Los Angeles, Cal., and William J. Srstka, Jr., Duncan, Olinger, Srstka, Lovald & Robbennolt, Pierre, S.D., for plaintiffs.

Mark V. Meierhenry, Atty. Gen., Richard H. Wendt, Asst. Atty. Gen., Pierre, S. D., for defendants.

## MEMORANDUM OPINION

DONALD J. PORTER, District Judge.

### BACKGROUND

After relatively prolonged litigation brought pursuant to 42 U.S.C. § 1983 in 1979, *see Walker v. Wegner,* 477 F.Supp. 648 (D.S.D.1979), *aff'd as to abstention,* 624 F.2d 60 (8th Cir. 1980), plaintiffs were ultimately granted the full relief they sought by this Court's unpublished memorandum opinion and final judgment filed September 15, 1981. Plaintiffs have now moved for an award of attorney's fees as a prevailing party within the meaning of 42 U.S.C. § 1988. It is evident that plaintiffs are entitled to an award of attorney's fees, and the Court, after giving extensive consideration to plaintiffs' submissions in support of their motion and defendant's response thereto, fixes the award at $10,849.18.

### DISCUSSION

There need be little discussion of the fact that plaintiffs, having prevailed in

this action, are entitled to attorney's fees. As plaintiffs observe, under 42 U.S.C. § 1988, the "discretion of the district court in deciding whether or not to award attorney's fees to a prevailing party is narrowly limited." *Bonnes v. Long*, 599 F.2d 1316, 1318 (4th Cir. 1979). There can no longer be any dispute that "a plaintiff successful in asserting rights under the statutes covered by § 1988 should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Green v. Ten Eyck*, 572 F.2d 1233, 1243 (8th Cir. 1978). Defendants' only arguments against the award of attorney's fees—such as the contention that plaintiffs have not yet prevailed—border on the frivolous, and present this Court with no "special circumstance" which would render the award unjust.

■ Turning, then, to the determination of the actual amount of the award, the circumstances of this case must be considered in light of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974) and expressly approved by the Eighth Circuit in *Allen v. Amalgamated Transit Union, Local 788*, 554 F.2d 876, 884 (8th Cir. 1977), *cert. denied*, 434 U.S. 891, 98 S.Ct. 266, 54 L.Ed.2d 176 (1977). These factors are: (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client and (12) awards in similar cases.

■ The four attorneys for plaintiffs in this case have made a claim for a total of 181.66 hours billed at a rate of $50–$60 for in-state counsel (whose presence in the case is required by the Local Rules), and $100–$125 for California counsel. With expenses of $970.68, this is a total claim of $17,763.66. It is true that under the relevant standards, "the minimum award should generally be not less than the number of hours claimed times the attorney's regular hourly rate." *Zoll v. Eastern Allamakee Community School District*, 588 F.2d 246, 252 (8th Cir. 1978). But this does not mean that a court is powerless to award less than that claimed if it "finds that a lesser amount is appropriate ... provided that the court states its reasons for so doing." *Ladies Center, Nebraska, Inc. v. Thone*, 645 F.2d 645, 647 (8th Cir. 1981). The Court, in this case, has concluded that it must reduce the hourly rates to a straight $50 for in-state counsel and $80 for Larry J. Roberts and David Grosz and $100 for Barry A. Fisher of the California attorneys, and also reduce certain of the hours claimed.

In reaching this decision, the Court has been influenced by the following considerations: (1) The substantive issues of law involved in determining whether the challenged state statute was unconstitutional were not particularly novel or difficult. Significantly, the principal authorities for plaintiffs' position were United States Supreme Court cases decided almost forty and fifteen years before the filing of this suit, *Cantwell v. Connecticut*, 310 U.S. 296, 60 S.Ct. 900, 84 L.Ed. 1213 (1940) and *Freedman v. Maryland* 380 U.S. 51, 85 S.Ct. 734, 13 L.Ed.2d 649 (1965).[1] Further, plaintiffs' counsel had no seeming difficulty in producing a considerable number of more recent, similar cases to support their position. In fact, plaintiffs' counsel were themselves involved in a number of these cases.

(2) Given this considerable authority in favor of plaintiffs' position, it cannot be

---

1. To a limited extent, the same cannot be said of the abstention issue raised by defendants in the early stages of this action, *see Walker*, 477 F.Supp. at 654, but the declarations of plaintiff's counsel indicate that this issue accounted for a minor amount, apparently less than nine hours, of the time claimed. The Court expressly excepts this work from the hours which were reduced.

said that the skill requisite to perform the legal services performed by plaintiffs' counsel was much beyond ordinary legal skill, particularly in view of the fact that most of this case was accomplished with briefs, and that only three relatively short hearings (none lasting over two hours) were required.

(3) In light of the relative simplicity of this case, and taking into account this Court's "own knowledge, experience and expertise of the time required to complete similar activities," 488 F.2d at 717, the Court is also unable to perceive why it was necessary for four attorneys, each paid at substantial hourly rates, to all participate in this action for the substantial number of hours that they claim. Under the *Johnson* standards, "[i]f more than one attorney is involved the possibility of duplication of effort along with the proper utilization of time should be scrutinized." 488 F.2d at 717. Here, the Court must find that there has been a considerable amount of duplication of effort by the lawyers involved. It may be true that the expertise of plaintiffs' counsel allowed them to carry on this case with greater speed and ease than an average attorney, but by the same token, their very expertise should have enabled plaintiff's counsel to employ their time with greater efficiency than appears to have been the case.

(4) Though there were some time constraints in the early portions of this litigation when plaintiffs sought preliminary injunctive relief from an administrative hearing, there have been no particular time limitations imposed on plaintiffs in this case since August 31, 1979, when the preliminary injunction was entered.

(5) While this case may have been somewhat undesirable for plaintiff's in-state counsel, with the adverse publicity given to the Unification Church, it could hardly have been so for California counsel, whose specialization in similar cases has been amply demonstrated by their declarations in support of the award.

(6) There is no clear indication that this case substantially precluded plaintiff's counsel from other work, or, if it did preclude other employment, that it was a necessary result of the work required on the case.

Balanced against this is, of course, the expertise of plaintiffs' counsel in this area of law, their considerable qualifications, and the impressive work done on the numerous briefs submitted. But these factors do not, when considered in light of the discussion above, lead this Court to the conclusion that plaintiffs' motion for attorney's fees should be granted in full. Rather, the award will be made as follows:

| Attorney | Time (hrs.) | Rate (1 hr.) | Expenses | Total |
|---|---|---|---|---|
| Larry J. Roberts | 40 | $ 80 | $970.68 | $ 4,170.68 |
| David Grosz | 20 | 80 | --- | 1,600.00 |
| Barry A. Fisher | 24.08 | 100 | --- | 2,408.00 |
| William J. Srstka,[2] Jr. | 53.41 | 50 | --- | 2,670.50 |
| | | | | $10,849.18 |

---

**2.** By letter to this Court, filed November 6, 1981, defendants indicated that they "accept" Mr. Srstka's time sheets. Though defendants appear to have later altered their position in their brief filed December 4, 1981, they did not offer any evidence on what they believe a reasonable number of hours for any of plaintiff's counsel should have been. This Court is of the view that restricting Mr. Srstka's rate to a straight $50 is a sufficient reduction in his claim to account for the duplication of effort.