**Patti HINKLE, Plaintiff,**

v.

**Eugene CHRISTENSEN, Individually and as a member of the Kadoka Board of Education; Ben Handcock, Ardith Swisher, Joe Stoddard, Saxon Williams, Dan Addison & Keith Berry, Individually and as members of the Kadoka Board of Education and Layton Arnold, Individually and as Superintendent of Kadoka School District and The Kadoka School District # 55–1, Defendants.**

No. Civ. 81–3006.

United States District Court,
D. South Dakota,
Central Division.

Oct. 5, 1982.

Linda Lea M. Viken, Finch & Viken, Rapid City, S. D., for plaintiff.

David A. Gerdes, May, Adam, Gerdes & Thompson, Pierre, S. D., for defendant Kadoka Bd. of Educ.

Robert A. Sambroak, Jr., Kadoka, S. D., for Kadoka School Dist. # 35–1.

## MEMORANDUM OPINION

DONALD J. PORTER, District Judge.

### BACKGROUND

Plaintiff has prevailed in her 42 U.S.C. § 1983 claim against her former employer, the Kadoka School District, after a five day jury trial. Plaintiff's attorneys have now filed an affidavit with this Court requesting that defendants pay reasonable attorneys' fees pursuant to 42 U.S.C. § 1988. As the prevailing party, plaintiff is entitled to an award of attorneys' fees. The affidavit submitted by plaintiff's attorneys justifies an award in the amount of $10,899.31.

### DISCUSSION

■ The award of attorneys' fees to prevailing plaintiffs in civil rights cases is designed to encourage individuals to act as private attorneys general and vindicate their civil rights. *Northcross v. Board of Education,* 412 U.S. 427, 428, 93 S.Ct. 2201, 2202, 37 L.Ed.2d 48 (1976). Congress enacted 42 U.S.C. § 1988 in 1976 to ensure that attorneys litigating for these private attorneys general in cases governed by 42 U.S.C. §§ 1981–1986 receive the benefits of this remedial policy toward attorneys fees. *Mid-Hudson Legal Services, Inc. v. G & U, Inc.,* 578 F.2d 34, 37 (2d Cir. 1978) (citing S.Rep. No. 1011, 94th Cong., 2d Sess., reprinted in 1976 Code Cong. & Ad.News 5908, 5910–11). Although the statute speaks of the district courts' discretion in awarding attorneys' fees, the discretion pertains to the amount awarded, and the "discretion of the district court in deciding whether or not to award attorneys fees is limited." *Bonnes v. Long,* 599 F.2d 1316, 1318 (4th Cir. 1979). Indeed, recognizing that, absent special circumstances, the usual

course is for the award of attorneys' fees to prevailing civil rights plaintiffs, *Green v. Ten Eyck*, 572 F.2d 1233, 1243 (8th Cir. 1978), defendants have entered objections only to certain of the hours and expenses claimed by plaintiffs' attorneys.

■ As this Court has stated previously in *Walker v. Wegner*, 535 F.Supp. 415 (D.S. D.1982), the calculation of the amount of the award of attorneys fees is guided by the twelve factors set forth in *Johnson v. George Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). *Johnson* was a Title VII employment discrimination case, but the Eighth Circuit has expressly approved the use of the *Johnson* approach to calculating attorneys fees in civil rights cases. *Allen v. Amalgamated Transit Union, Local 778*, 554 F.2d 876, 884 (8th Cir. 1977), *cert. den.*, 434 U.S. 891, 98 S.Ct. 266, 54 L.Ed.2d 176 (1977). The twelve factors are: (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

■ The attorney who represented plaintiff at trial, Linda Lea Viken, and her co-counsel have submitted a claim for a total of 258.25 hours, billed at an hourly rate of $55.00.[1] With the inclusion of South Dakota sales tax and $513.00 expenses,[2] plaintiff's total submission is for $15,497.96. This Court begins with the principle that the minimum award should not be less than an amount equal to the number of hours properly claimed multiplied by the attorneys' hourly rate. *Walker v. Wegner, supra*, 535 F.Supp. at 417 (citing *Zoll v. Eastern Allamakee Community School Dist.*, 588 F.2d 246, 252 (8th Cir. 1978)). The Court is not powerless to evaluate the number of hours claimed or the hourly fee charged, provided that it explains its rationale for altering the attorney's claimed charges. *Ladies Center, Nebraska, Inc. v. Thone*, 645 F.2d 645, 647 (8th Cir. 1981).

As an initial matter, defendants correctly point out that plaintiff's attorneys did not add correctly their claimed hours. Rather than 258.25 hours worked, the correct sum is 257.75. The total of 257.75 hours worked, therefore, establishes the first of the *Johnson* factors. Not all of these hours will be recognized in the Court's award. Section 1983 cases are no longer novel endeavors. Attorneys have available numerous guides for taking a § 1983 case to conclusion. Certainly plaintiff's case was not a sure winner when her attorney took the case, and the attorney's skill and careful preparation were very material to plaintiff's ultimate success. Nevertheless, the case did not involve particularly novel questions of law, nor was there extensive discovery in the case.

■■ Within the last month before trial, plaintiff's attorney was joined in trial preparation by co-counsel. The addition of a second chair for trial invites careful scrutiny by the court for possible duplication of effort. *Walker v. Wegner, supra*, 535 F.Supp. at 418 (quoting *Johnson v. Georgia Highway Express, Inc., supra*, 488 F.2d at 717). Some of the time spent by co-counsel Jeffrey Viken was necessary for the preparation of the case and was not duplicative.

---

1. Plaintiff's attorney submits her claim by means of an affidavit that specifies the hours spent and the tasks performed by counsel. An affidavit accompanied by copies of time sheets for the hours billed might better carry the plaintiff's burden of establishing the hours attributable to the case. The affidavit in this case is sufficiently specific in identifying the work performed to substantiate the plaintiff's claim. See *City of Detroit v. Grinnel Corp.*, 560 F.2d 1093, 1102–03 (2d Cir. 1977).

2. Plaintiff has submitted a claim for $513.00. Adding together the actual items claimed by plaintiff, the sum of the expenses is in fact $703.00.

Thus, his research for pre-trial on May 18, 1982 (5 hrs.), his research on a motion for summary judgment on May 19 (8 hrs.), and his work on June 1 arranging for service of process and witness subpoenas (4 hrs.) all represent independent work necessary to bringing the case to trial. The eight hours Mr. Viken spent on May 15, however, familiarizing himself with the case file is a duplication of effort that should not be charged to losing defendants. *See Hickman v. Valley Local School Dist. Bd. of Educ.*, 513 F.Supp. 659 (S.D.Ohio 1981). The four hours spent by Mr. Viken on June 7, identified as "research on memo and questions" is not specific and appears to duplicate work done that same day by attorney Linda Lea Viken. Moreover, on June 6 Mr. Viken researched a "ULP" decision for eight hours, which appears to overlap with the two hours that Linda Lea Viken spent on the same problem. The twelve hours charged by Mr. Viken on these two tasks will therefore be reduced by six hours.

Plaintiff has charged duplicate hours on all the work done by Ms. Viken and Mr. Viken for the pre-trial conference and the trial itself. The hours charged for each attorney and the description of the activity of each attorney are identical. Without demeaning the efforts of Mr. Viken in assisting the trial of this case, the Court reiterates that the case did not involve particularly complicated issues. Where both attorneys "work with witnesses" for 1.5 hours, or both attorneys "meet with jury to adjourn deliberations for [the] night" for half an hour, or both attorneys attend the trial for 7.5 hours, much of the work is duplication. The claim for Mr. Viken's hours is inadequately supported to carry plaintiff's burden of showing the need for two attorneys to perform these tasks. The balance of Mr. Viken's hours will therefore be disallowed. The six hours disallowed by the reasoning of the preceding paragraph plus the hours disallowed by the reasoning of this paragraph total 79.75 hours. The total hours claimed will be reduced by that number, leaving 178 hours properly claimed by plaintiff.

In accepting the plaintiff's attorney's suggestion that her hours of work be compensated at a rate of $55, the Court has been guided by the following factors: (1) although plaintiff's attorney devoted all of her time to this case in the weeks immediately prior to trial, such concentration of effort is necessary in the days preceding most trials. In the two and one-half years between the initial contact with the client and the jury verdict, plaintiff's attorney was not precluded from accepting other employment. Further, there were no extraordinary time constraints placed on Ms. Viken by the court or by her client.

(2) Ms. Viken has asserted that she represented plaintiff prior to her firing. Moreover, the fee in this case was fixed rather than contingent. The Court has already noted that winning this case was not assured when plaintiff's attorney accepted it. However, the nature of the attorney-client relationship here indicates that the hourly rate should not be augmented by a multiplier to compensate for risk. See *Harris v. Ft. Myers*, 624 F.2d 1321, 1325–26 (5th Cir. 1980); *Laje v. R.E. Thomason Gen. Hosp.*, 502 F.Supp. 185, 188 (W.D.Tex.1980).

(3) Similarly, plaintiff's attorney is an experienced, competent practitioner. Her practice includes representation of several labor unions and doing work for the South Dakota Education Association. Given the nature of Ms. Viken's practice, a civil rights case involving a teacher and touching on labor relations cannot be an undesirable case for plaintiff's attorney.

(4) A $55 hourly rate is not out of line with fees charged in this state. Defendant's attorney does not object to the hourly rate. Plaintiff successfully prosecuted her case and received an award of $40,000 in damages. An award of attorneys' fees for nearly $10,000 is not disproportionate to the results obtained. The award is also not excessive when compared to awards in other cases involving individual plaintiffs. *E.g., Planned Parenthood Ass'n. of Kansas City v. Ashcroft*, 655 F.2d 848 (8th Cir. 1981) ($19,279.00); *Walker v. Wegner, supra*, ($9,879.50); *Laje v. R. E. Thomason*

*Gen. Hosp., supra,* ($21,754.00); *Rheuark v. Shaw,* 477 F.Supp. 897 (N.D.Tex.1979) (award of $14,256.00 and $17,082.74 for separate attorneys of two individual plaintiffs).

■ Finally, plaintiff's attorney requests compensation for expenditures in the amount of $513.00, covering phone calls, mileage, meals and a motel room.[3] This Court has in the past allowed in the total award of fees the inclusion of expenses beyond the computed attorneys fees. *Walker v. Wegner, supra,* 535 F.Supp. at 418. Other courts have followed the same practice. *E.g., Planned Parenthood Ass'n of Kansas City v. Ashcroft, supra,* 655 F.2d at 872 n. 41; *Laje v. R. E. Thomason Gen. Hosp., supra,* 502 F.Supp. at 189. Here, plaintiff's attorney has followed the valuable practice of providing the Court with an enumeration of what expenses she incurred. *See National Lawyers Guild v. Attorney*

*General,* 94 F.R.D. 616, 621 (S.D.N.Y.1982). In each case, applications for recovery of expenditures beyond attorneys fees must be weighed separately and on their own merits. The only questionable claims made by plaintiff's attorneys are for the claims for meals and a motel room. The Court notes that the trial extended over a full working week in a city some 180 miles from Ms. Viken's home. The only proper venue for the case was in this court, and the expenditures for meals and a motel room were necessary.[4] The rate claimed is reasonable for a motel room. In keeping with the finding that only one counsel was needed to try the case, however, expenses allowed for meals will be cut in half.

The total award to plaintiff for attorney's fees and expenses is $10,899.31. Laid out in tabular form, the calculation of the award is as follows:

### Table of Fees

| | |
|---|---|
| Total Hours Claimed | 257.75 |
| Duplicate Hours Disallowed | −79.75 |
| Total Hours Allowed | 178 |
| Hourly Rate = $55 | x 55 |
| | $ 9,790.00 |
| South Dakota and Municipal Sales Tax [5] | 517.89 |
| Total Attorney's Fees | $10,307.89 |

---

**3.** See note 2, *supra.*

**4.** By the same reasoning, the Court has not reduced the rate of compensation paid plaintiff's attorney for time spent traveling to Pierre for trial and to Kadoka to interview witnesses. *See Planned Parenthood of Kansas City v. Ashcroft, supra,* 655 F.2d at 872.

**5.** Section 10–45–5.2 of South Dakota Codified Laws includes legal services among those services that shall be taxed in under SDCL §§ 10–45–4 to 10–45–4.1. The Court has taken judicial notice of the following tax rates as applicable to plaintiff's fee application:

| | |
|---|---|
| January 1980 – June 30, 1981 S.D. Tax = | 5% |
| July 1, 1981 – June, 1982 S.D. Tax = | 4% |
| Rapid City. S.D. Municipal Tax = | 1.5% |
| Pierre, S.D. Municipal Tax = | 1% |

The work performed may be apportioned as follows:

| | Tax Rate | | Hours | | Pay Rate | | Tax |
|---|---|---|---|---|---|---|---|
| Rapid City pre-7/1/81 | 6.5% | x | 15.5 | x | $55 | = | $ 55.41 |
| Rapid City post 6/30/81 | 5.5% | x | 75.75 | x | 55 | = | 229.14 |
| Pierre | 5 % | x | 77.25 | x | 55 | = | 212.44 |
| Misc. | 4 % | x | 9.5 | x | 55 | = | 20.90 |
| | | | | | | | $517.89 |

Expenses  
    Phone Calls              102.65  
    Mileage                  162.00  
    Meals                     111.59  
    Motel                     215.18  
                                              591.42

Total Award                    $10,899.31