**Leroy WILLIAMS, Plaintiff,**

v.

**The CITY OF NEW YORK, Defendant.**

**No. 81 Civ. 7505 (RPP).**

United States District Court,
S.D. New York.

Jan. 18, 1990.

---

1068

Elizabeth Koob, Schnapp & Cordover, Brooklyn, N.Y., for plaintiff.

Isaac Klepfish and Victor Kovner, Corp. Counsel, New York City, for defendant City of New York.

ROBERT P. PATTERSON, Jr., District Judge.

Plaintiff applies pursuant to 42 U.S.C. § 1988 for $99,075.00 in attorneys' fees and for $5,381.75 in costs, based on his having received a jury award of damages of $100,-000 which was subsequently reduced to $10,000 by remittitur, to which plaintiff consented.

On December 3, 1981, plaintiff filed this Section 1983 action pro se while he was a pretrial detainee at the Rikers Island Facility of the New York City Department of Corrections. The named defendants were two corrections officers, two captains and an assistant deputy warden at the Rikers Island Facility. The original complaint alleged: (1) Corrections Officer Stinger (Stinger) discriminated against plaintiff in the practice of his religion by denying plaintiff a kosher meal; (2) Stinger assaulted the plaintiff; (3) an unnamed corrections officer also assaulted plaintiff; and (4) the other defendants observed the assault and did nothing to stop it.

On March 24, 1983, the firm of Schnapp and Cordover notified the Court of their retention by plaintiff. On January 26, 1984, Schnapp and Cordover moved to amend the complaint. The Court granted the motion despite "the dilatory manner in which plaintiff's counsel has proceeded in this case." The amended complaint filed February 3, 1984 alleged the following claims:

(1) against Stinger for assaulting plaintiff and refusing to serve plaintiff a kosher meal in violation of the First, Fifth, Fourteenth and Eighth Amendments to the United States Constitution and Article One of the New York State Constitution. ¶¶ 22–25.

(2) against Stinger and Corrections Officer Joseph Calabrese (Calabrese) for assaulting plaintiff in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article One of the New York State Constitution. ¶¶ 26–28a.

(3) against Captain Thomas O'Shea (O'Shea), Captain John Ogden (Ogden) and Deputy Warden James Rosa (Rosa) for witnessing and failing to supervise the acts of Stinger, in violation of the First, Fifth, Fourteenth and Eighth Amendments to the United States Constitution and Article One of the New York State Constitution. ¶¶ 29–30.

(4) against Stinger, Rosa and O'Shea for subjecting the plaintiff to disciplinary charges, failing to advise him of his rights to present testimony and call witnesses, and placing him in punitive segregation, in violation of the Fifth and Fourteenth Amendments to the United States Constitution. ¶¶ 31–33.

(5) against the City of New York (the City) for failing to promulgate written rules by which kosher meals for inmates would be dispensed "thereby permitting its agents, servants and/or employees to invidiously discriminate against individuals who exercise their freedom of religion and observance." ¶ 34.

A trial commenced on March 20, 1985 and lasted until March 29, 1985. During the trial, the City relied on the regulations of the City Department of Corrections to validate the manner in which defendants conducted the disciplinary hearing. The judge then permitted the pleadings to be amended to conform to the proof and organized the case thereby providing for an appropriate charge for the jury and a simplified verdict sheet. Before the case went to the jury, the Court dismissed the allegations against defendant Ogden and directed a verdict against the City on a single Section 1983 claim premised on a violation of procedural due process. *See Carey v. Piphus*, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1977). The judge delivered the directed verdict after reviewing the regulations of the City Department of Corrections pertaining to disciplinary hearings and deciding that the City's

regulations do violate due process and equal protection rights of a pretrial detainee, and in this case the pretrial detainee's liberty interest to stay in the general population ... was diminished because ... the hearing that was afforded him does not comport with constitutional standards.

Tr. at 1085.

The case went to the jury on the issue of damages on the directed verdict claim and on the issues of liability and damages on all the other claims. The jury found for defendants on all issues of liability and awarded plaintiff damages of $100,000

against the City for its denial of due process in the conduct of the disciplinary hearing.

The City then moved for a judgment notwithstanding the verdict, or in the alternative for either a new trial or a remittitur. Plaintiff cross-moved for a judgment notwithstanding the verdict on his First Amendment claim and for a new trial on damages. By Order filed November 10, 1987, the Court granted the City's motion for a new trial on the issue of the amount of damages to be awarded for the deprivation of plaintiff's right to due process in connection with the disciplinary hearing. The Order reasoned that a new trial on damages was necessary because the Court had neglected to charge the jury that nominal damages could be awarded for a procedural due process violation. By the same Order, it also granted plaintiff the right to file an amended complaint.

On January 12, 1988, plaintiff filed an amended complaint, alleging a claim against the City based on the unconstitutionality of its disciplinary hearing regulations. The amended complaint also re-alleged, in a modified form, those claims for which the jury had exonerated defendants. After the Court found the inclusion of the unsuccessful claims in the amended complaint to be unauthorized, plaintiff filed a second amended complaint alleging only that the City's disciplinary hearings infringed upon procedural due process.

On July 6, 1989, the Court vacated the Order of November 10, 1987:

> without prejudice to the renewal of the motions unless the plaintiff files within ten days after the entry of this order a remittitur accepting judgment against the defendant City of New York in the amount of $10,000 plus attorneys' fees and expenses to be determined by the Court after appropriate submissions by the attorneys for both parties....

Plaintiff filed an acceptance of the remittitur on July 20, 1989 and made the required submission for attorneys' fees and expenses on September 25, 1989. Although issues of fact are raised, neither party has requested a hearing on the application.

The City asks the Court to reduce plaintiff's claims for $99,075.00 in attorneys fees and for $5,381.75 in costs.

## Discussion

The submitted time records and affidavits are sufficient for the Court to find that the charged hours are accurate. *Williamsburg Fair Housing Comm. v. Ross–Rodney Housing,* 599 F.Supp. 509, 516–517 (S.D.N.Y.1984) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 437 n. 12, 103 S.Ct. 1933, 1941 n. 12, 76 L.Ed.2d 40 (1983)). The City, however, questions whether reimbursement for certain services and expenses are appropriate as a matter of law.

First, the City contends that plaintiff is not entitled to recovery of fees for time spent by plaintiff's attorney Elizabeth Koob preparing for the retrial ordered by Judge Lowe on November 10, 1987. According to the City, the decision to accept the remittitur judgment, pursuant to the Order of July 5, 1989, rendered Ms. Koob's services "excessive, redundant or otherwise unnecessary." *Hensley,* 461 U.S. at 434, 103 S.Ct. at 1939.

The preparation for a new trial, in light of the Order of November 10, 1987, was reasonable and related to the ultimate recovery. However, the decision to use two senior attorneys, the original trial attorney and Ms. Koob, on the preparation for a retrial was unnecessarily excessive, particularly when Ms. Koob had not previously worked on the case and had to spend time familiarizing herself with the case. *See Hinkle v. Christenson,* 548 F.Supp. 630, 633 (D.S.D.1982) (no reimbursement for time spent by new attorney familiarizing himself with case because those services are redundant); *Hickman v. Valley School District Board of Education,* 513 F.Supp. 659 (S.D. Ohio 1981) (same). Therefore, attorney Koob's time will be charged as an assisting attorney of lesser experience at $100 per hour. In addition, the fees for the 4.35 hours specifically spent by attorney Koob in preparation for an appeal to the Second Circuit are not recoverable at all. Accordingly, the total

hours expended by Ms. Koob is 78.80 hours at a rate of $100 per hour, resulting in $7,880 in fees.

■ With respect to the other attorneys involved in the litigation, the Court finds that the requested rates are too high. Under *Chambless v. Masters, Mates & Pilots Pension Plan*, 885 F.2d 1053, 1058–59 (2d Cir.1989) (citing *Blum v. Stevenson*, 465 U.S. 886, 895–896 & n. 11, 104 S.Ct. 1541, 1547–48 & n. 11, 79 L.Ed.2d 891 (1984)), attorneys from a small firm, like that used by plaintiff, are not entitled to the same rate as those attorneys from large firms, where a variety of extra costs must be covered. Mr. Richard Gross is a senior trial attorney who worked on this case during the periods 1984–1985 and 1988–1989 on a contingency basis. An hourly rate of $200 is in line with rates charged by senior trial attorneys in small to medium size firms in New York, during the time Mr. Richard Gross worked on this case, when the work is done on a contingency basis and the recovery is similar to that in this case. Accordingly, Mr. Gross's hourly rate is set at $200 and his fee for 186 hours equals $37,200. In light of scrutiny of each of the other attorney's credentials, experience, and role in the trial, the Court further concludes that, at the time of the work rendered, the hourly rate for each of plaintiff's other attorneys is reasonable when set at the following level:

| | | |
|---|---|---|
| Stanley Schnapp | $150.00 per hour × 7.5 hours | = $1,050 |
| Earl Weprin | $100.00 per hour × 240 hours | = $24,000 |
| Jean Jones | $60.00 per hour × 18 hours | = $1,080 |
| Lynn Herskovitz | $75.00 per hour × 2.33 hours | = $174.75 |
| Edward Kahn | $60.00 per hour × 30.5 hours | = $1,830 |

The City's most substantial objection to the attorneys' fees application is that plaintiff was not victorious on most of the claims. Again, the City's position is that no fees should be awarded. As the City points out, plaintiff's only successful claim was against the City for a violation of procedural due process and the jury exonerated defendants on all of those counts alleged in the February 3, 1984 complaint. A review of the transcript reveals that it was the judge who initially was responsible for focusing the case on the City's

liability for the due process deprivation. Since the successful claim against the City was neither alleged in the complaint nor a major aspect of the pretrial preparation, defendant argues that plaintiff is entitled to recover neither for pretrial expenses nor for most expenses during the trial.

■ Although a plaintiff is not allowed to recover for unsuccessful claims, one may recover for work done on claims related to successful claims. *City of Riverside v. Rivera*, 477 U.S. 561, 568–69, 106 S.Ct. 2686, 2691–92, 91 L.Ed.2d 466 (1986). The due process claim against the City is related to the claim in the complaint against individual defendants for failure to provide sufficient procedural safeguards before the imposition of the sentence of solitary confinement. *See, supra* (describing ¶¶ 31–33 of Feb. 3, 1984 complaint). The same core of facts and similar legal theories were involved in that claim stated in the complaint and in the successful claim against the City. *See Id.* (quoting *Hensley*, 461 U.S. at 435, 103 S.Ct. at 1940). Furthermore, an attorneys' fees award is appropriate because if not for the efforts of plaintiff's counsel in pursuing the matter through trial, it is unlikely that there would have been any recovery.

Based on a review of the pleadings, transcripts and records submitted by plaintiff, the Court judges that one-third of plaintiff's counsels' services was related to the successful results obtained.[1] Accordingly the recovery allowed is one-third of $73,134.75: $24,378.25.

■ The City's only other objection is to the amount of costs requested to compensate plaintiff's expert witnesses on psychiatry. These witnesses were necessary because injuries for pain and suffering are recoverable for procedural due process violations. *Carey v. Piphus*, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1977). Although Section 1988 authorizes recovery of costs for experts required for effective representation, the City contends that the Supreme Court held in *Crawford Fitting Co.*

---

1. This calculation is the result of scrutiny of the pre-trial, trial and post-trial activities of counsel. It includes recognition of the validity of the City's contention that plaintiff is not entitled to recover for the time spent reiterating the original unsuccessful claims in the post-trial amended complaint.

*v. J.T. Gibbons, Inc.,* 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987), that fees for experts are only recoverable at a rate of $30 per day. That opinion involved a case for fees brought under an antitrust statutory scheme, 28 U.S.C. §§ 1821 and 1920, which explicitly provides for a $30 per day limit. *Crawford* never mentions Section 1988. *See* 107 S.Ct. at 2499 (Blackmun, J., concurring); *Id.* at 2500 n. 1 (Marshall, J., dissenting). The Court is persuaded by a number of opinions in lower courts refusing to apply *Crawford's* $30 per day limit to Section 1988. *See, e.g., Friedrich v. City of Chicago,* 888 F.2d 511, 518–19 (7th Cir.1989); *Sapanajin v. Gunter,* 857 F.2d 463, 465 (8th Cir.1988); *Hillburn v. Commissioner, Connecticut Department of Income Maintenance,* 683 F.Supp. 23, 27 (D.Conn.1987), aff'd, 847 F.2d 835 (2d Cir.1988); *United States v. Yonkers Board of Education,* 118 F.R.D. 326, 330 (S.D.N.Y.1987). Plaintiff is entitled to reimbursement for expert witness fees without a $30 per day ceiling. Accordingly, plaintiff's application for costs of $5,381.75 is granted.

### Conclusion

Pursuant to Section 1988, plaintiff's application is granted to the extent of $24,-378.25 in attorneys' fees and $5,381.75 in costs.

SO ORDERED.